DAVIS, n.k.a. Hartz, Appellant,

v.

DAVIS, Appellee.

[Cite as *Davis v. Davis* (1996), 112 Ohio App.3d 518.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–385.

Decided July 12, 1996.

*Walter J. Skotynsky,* for appellant.

*Per Curiam.*

This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which modified a prior order and thereby awarded the federal income tax dependency exemption for the parties' minor child to defendant-appellee, David F. Davis. Plaintiff-appellant, Laurie Hartz, now appeals raising the following assignments of error:

"First Assignment of Error:

"The trial court erred as a matter of law and against the manifest weight of the evidence in allocating the income tax dependency exemption to the appellee where there was no finding of a substantial change in circumstance.

"Second Assignment of Error:

"The trial court erred as a matter of law in allocating the income tax dependency exemption to the appellee where there was no finding that the allocation was in the best interests of the child.

"Third Assignment of Error:

"The trial court's allocation of the income tax dependency exemption to appellee was contrary to Ohio revised code section 3113.21(B)(10)."

The relevant facts of this case are as follows. Appellant and appellee were married on November 30, 1990. Prior to their marriage, one child had been born issue of the parties on November 2, 1987. On December 31, 1991, appellant filed a complaint for divorce against appellee, who filed an answer and counterclaim for divorce in response. A final judgment entry of divorce was entered by the lower court on July 22, 1992. The judgment awarded appellant custody of the parties' minor child, and ordered appellee to pay child support in the amount of $227.76 per month plus poundage. In calculating child support, the court determined that appellee's proportional share of the support amounted to 39.9 percent and appellant's share amounted to 60.1 percent. These percentages were based on appellant's annual gross income of $28,000 and appellee's annual gross income of $19,650. The court further ordered that "the Plaintiff shall be entitled to maintain the minor child as an exemption for the purpose of filing federal, state and local income tax returns and said exemption shall be subject to further order of the court if it is shown that the defendant is paying over fifty percent (50%) of the total support obligation for the minor child."

Subsequently, appellee's annual gross income increased to $26,447 and appellant's annual gross income decreased to $24,711. Accordingly, the Child Support Enforcement Agency ("CSEA"), in a July 5, 1995 review of the child support order conducted pursuant to R.C. 3113.216, recommended that the lower court revise the child support order to provide that appellee's monthly child support obligation be increased to $275.69. In addition, the CSEA recommended that the court "reaffirm the present payment of $21.67 per month on the arrearage which is $269.36 through and including July 11, 1995, pursuant to the records of the Agency."

On August 4, 1995, appellee filed a *pro se* motion to show cause in which he alleged that as of August 1, 1995 he was paying 56.9 percent of the total support of the child and requested that appellant be ordered to appear before the court and show cause why a finding of contempt should not be entered against her. The court, however, treated appellee's motion as a motion to modify the prior support order, and the case proceeded to a hearing before a court-appointed magistrate on August 30, 1995, at which both parties appeared *pro se*. On September 14, 1995, the magistrate filed her decision in which she determined that pursuant to the CSEA's most recent calculations, appellee's share of the

support obligation was now 51.3 percent. She therefore recommended that appellee be granted the income tax exemption for the minor child effective with the tax year 1995 and continuing until further order of the court. In response, appellant filed objections to the magistrate's decision, specifically challenging the finding that appellee now contributed 51.3 percent of the minor child's support. Upon consideration, the trial court rejected the objections and adopted the magistrate's decision as the judgment of the court. From that judgment, appellant now appeals. Appellee has not filed a brief in this court.

We will first address the third assignment of error, in which appellant asserts that the trial court erred in awarding the income tax dependency exemption to appellee because the allocation was contrary to R.C. 3113.21(B)(10).

R.C. 3113.21(B)(10) has been renumbered and is now found at R.C. 3113.21(C)(1)(f). That provision reads:

"Whenever a court modifies, reviews, or otherwise reconsiders a child support order, it may reconsider which parent may claim the children who are the subject of the child support order as dependents for federal income tax purposes * * * and shall issue its determination on this issue as part of the child support order. *The court in its order may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the payments for child support are current in full as ordered by the court for the year in which the children will be claimed as dependents.*" (Emphasis added.)

The record reveals that at the time of the hearing below, appellee had a child support arrearage of $269.36 *through and including July 11, 1995.* In addition, appellant testified that pursuant to the CSEA's recalculation of support, she was to receive an increase in child support payments effective August 1, 1995 but that she had not received that increase. At the hearing, appellee could not explain why appellant had not received the proper amount of child support. The statute is clear on this issue. It forbids a court from awarding the dependency exemption to the noncustodial parent if that parent's child support payments are not "current in full" for the year in which the exemption is sought. At the time of the hearing below, appellee was not current in his child support payments for the year 1995. Accordingly, the court had no authority to award the income tax dependency exemption for the minor child to appellee, and the third assignment of error is well taken.

Given our ruling on the third assignment of error, we find the first and second assignments of error to be moot and therefore not well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Lucas County Court of

Common Pleas, Domestic Relations Division, is reversed. Court costs of this appeal are assessed to appellee.

*Judgment reversed.*

GLASSER, ABOOD and SHERCK, JJ., concur.