OPINION
This matter presents a timely appeal from a judgment rendered by the Jefferson County Common Pleas Court, awarding the tax exemptions for the parties' three minor children to defendant-appellee, Scott A. Gordon, for the 1996 tax year, and ordering plaintiff-appellant, Renea E. Gordon, nka Renea E. Waltz, to reimburse appellee one-half of his monthly child support obligation during the eight weeks the minor children actually reside with appellee for summer visitation.
At the outset, we note that appellee has failed to file a brief in response to the arguments proposed by appellant. Pursuant to App.R. 18(C), this court is granted authority to accept appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if appellant's brief "reasonably appears to sustain such action.
Appellant and appellee were granted a divorce by the trial court pursuant to a decree of divorce filed on January 2, 1996. Said decree of divorce included a separation agreement which was executed by both parties. In accordance with the separation agreement, appellant was designated the residential parent for the parties' three minor children and appellee was granted visitation. Appellee was also ordered to pay child support in the amount of $636.99 per month and was awarded the tax exemptions for the three minor children.
At the time of the divorce, both parties lived in Mingo Junction, Jefferson County, Ohio. A few months after her remarriage in July of 1996, appellant moved with her husband and the three minor children to Manhattan, Kansas. Appellee thereafter moved to Virginia Beach, Virginia.
On January 17, 1997, appellee filed a motion with the trial court requesting, inter alia, a reduction in his child support obligation and an order requiring appellant to pay one-half of the transportation costs when the minor children visit him during the summer. On March 14, 1997, appellant' filed her own motion with the trial court requesting, inter alia, an order allowing her to claim all three minor children for income tax purposes and specifically, for the 1996 tax year. A hearing on both motions was held before the trial court on March 24, 1997, at which time both parties offered testimony and evidence.
Upon due consideration of the evidence and testimony presented, the trial court filed its entry on April 11, 1997, ordering, in relevant part, as follows: 1) that appellee be awarded the tax exemptions for the minor children for the 1996 tax year and that the parties alternate the tax exemptions for each subsequent year; 2) that appellee be granted eight weeks of summer visitation and that the parties split the cost of transportation by driving to meet at a midway point, or if the parties cannot agree, then the minor children shall fly; 3) that appellee be granted a reduction in child support and be required to pay the sum of $386.00 per month, with no deviation; and 4) that appellee continue to pay his child support obligation as ordered during his summer visitation, but that appellant reimburse appellee one-half of his monthly child support obligation during the eight weeks the minor children actually reside with him for said summer visitation.
Appellant filed her notice of appeal from the trial court's decision on May 6, 1997. The trial court thereafter filed findings of fact and conclusions of law on May 12, 1997, relating back to its April 11, 1997 order.
Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The Court erred in ordering the custodial parent to return half of the child support while the non-custodial parent exercises summer visitation."
Appellant contends that as she must continue to maintain the living expenses of the minor children while they are visiting appellee for eight weeks during the summer, the trial court erred in requiring her to reimburse appellee one-half of his child support obligation during this period of time. Appellant further submits that the best interests of the minor children would not be served by such order.
The abuse of discretion standard is applicable to appellate review of matters concerning child support. Booth v. Booth (1989), 44 Ohio St.3d 142. An abuse of discretion connotes more than, an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
R.C. 3109.05(E) provides that an obligor must continue to pay child support "including during seasonal vacation periods, until the order terminates." (Emphasis added). In Gatliff v. Gatliff
(1993), 89 Ohio App.3d 391, a local rule of court which suspended child support during visitation periods was found to violate the purpose and intent of the state statute governing child support. The court in Gatliff found that, pursuant to R.C. 3113.215(B) (1), any deviation from the child support guidelines must be found to be in the best interest of the children. The court inGatliff further reasoned that, since an obligee's financial obligations to the children, which include providing the custodial residence and other necessities, do not suddenly abate during times the children are with the obligor parent, a reduction in support is not in the children's best interest.
Although the trial court in the case at bar ultimately filed findings of fact to support its determination with regard to this issue, its rationale for ordering appellant to return one-half of the monthly child support obligation to appellee for the eight weeks the minor children reside with him during summer visitation is untenable.
The trial court specifically indicated that appellee's child support obligation was calculated without any deviation. (Entry filed April 11, 1997). However, the effect of the trial court's order in requiring appellant to reimburse appellee one-half of the monthly child support obligation for eight weeks during summer visitation, was a deviation. The trial court reasoned that such action was in the best interests of the minor children because the "purpose of child support is to support the child and not the parent" and such support should be available where a child is physically located. (Findings of Fact and Conclusions of Law filed May 12, 1997, 1). The trial court explained:
 "Visitation in this case requires infrequent lengthy periods with the custodial (sic) parent because the distance between the parties has eliminated the possibility of weekend visitation.
 "It would be unjust and inappropriate for the noncustodial parent to send full child support to the custodial parent during the noncustodial parent's period of extended visitation. This is particularly true when the noncustodial parent is on a tight budget and needs those funds for the child while he is paying the child's expenses directly during his extended visitation.
 "By crediting the noncustodial parent with half of the support when the child is with him the Court will partially accomplish the goal of having at least some of the child's money where the child is. * * *." (Findings of Fact and Conclusions of Law filed May 12, 1997, 1-2).
The trial court suggests that to require appellee to pay his full monthly child support obligation during his eight week summer visitation would be unfair. While R.C. 3113.215(B)(3)(d) allows a trial court to consider "extended times of visitation or extraordinary costs associated with visitation," in deviating from child support as ordered, the court's findings of fact must support such deviation. The court in Gatliff, supra, held at 396:
 "Although there may be circumstances wherein it would be `unjust' to require the full guideline support during visitation periods when the overall visitation days occur consecutively rather than dispersed throughout the calendar year, unfairness is not the ultimate statutory test for deviation from the statutory support guidelines."
Given the facts in the case at bar, the trial court's judgment on this issue, while perhaps well-intentioned, was not justified. Appellee was granted a reduction in his child support obligation based upon a change in circumstances and the trial court specifically found that no further deviation was warranted. The trial court then granted a reimbursement of one-half of the monthly child support obligation during the eight week period of time the minor children will reside with appellee during the summer, which amounted to a deviation. The trial court's decision violates the purpose and intent of the statute governing child support as appellant's obligation to provide a custodial residence and other necessities for the minor children during the period of time in question will not be diminished. Gatliff, supra. Thus, the trial court abused its discretion in awarding appellee a reimbursement of one-half of his monthly child support obligation for eight weeks during the summer.
Appellant's first assignment of error is found to be with merit.
Appellant's second assignment of error alleges:
 "The Court erred in allowing the Defendant-Appellant (sic) to claim the minor children for tax year 1996."
At the hearing before the trial court on both parties' motions, it was stipulated that appellee had a child support arrearage of $2,017.61. (Tr. 3).
R.C. 3113.21(C)(1)(e) provides, in relevant part:
 "Whenever a court modifies, reviews, or otherwise reconsiders a child support order, it may reconsider which parent may claim the children who are the subject of the child support order as dependents for federal income tax purposes as set forth in section 151 of the `Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. § 1, as amended, and shall issue its determination on this issue as part of the child support order. The court in its order may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the payments for child support are current in full as ordered by the court for the year in which the children will be claimed as dependents. * * *" (Emphasis added).
The statute is clear on this issue. As appellee was admittedly in arrears on his child support obligation for 1996, the trial court had no authority to permit him to claim the minor children as dependents for the 1996 tax year and therefore, abused its discretion in granting him the right to do so. (See also, Davisv. Davis (1996), 112 Ohio App.3d 518, 520).
Appellant's second assignment of error is found to be with merit.
The judgment of the trial court is reversed and this matter remanded for further proceedings in accordance with law and consistent with the opinion of this court.
Donofrio, J., Vukovich, J., concurs.
APPROVED:
 _______________________________ EDWARD A. COX, PRESIDING JUDGE