DECISION AND JUDGMENT ENTRY
Michael W. Harris appeals the decision of the Athens County Common Pleas Court that reduced his $12,453.92 child support arrearage to judgment. He asserts that he should have received a monthly credit of one hundred and fifty dollars toward his child support arrearage for visitation transportation, and an additional one hundred and fifty dollar reduction in his child support also for visitation transportation expenses. Because we find that the trial court did not abuse its discretion in failing to grant Harris an additional one hundred and fifty dollar credit toward his arrearages, we disagree. Mr. Harris also asserts that the trial court erred by ordering: (1) that the child support be modified retroactively; (2) that Mrs. Harris' childcare expenses of thirty-five dollars per week were reasonable; (3) that Mrs. Harris receive the tax deductions for the children; (4) that Mr. Harris provideHarris provide medical insurance for his children. Because we find that the trial court did not abuse its discretion in any of the above findings, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
The Harrises divorced in 1989. They have two children, Melissa and Sarah. The divorce decree provided that Mrs. Harris would have custody of the children and Mr. Harris would pay fifty dollars per week in child support. Since the divorce, Mr. Harris has resided in Athens County and Mrs. Harris has resided in Belmont County with the children.
In 1992, Mr. Harris sought a modification of the child support because he was unemployed. In response the court issued the following order:
 The parties shall equally share the expense of transporting the children for visitation. Until Defendant is employed, his $150 share of the transportation costs shall be his child support payment. Once employed, Defendant shall be given a $150 monthly credit towards his calculated child support obligation.
In 1993, Mr. Harris began his employment with the Alexander Elementary School as a custodian. Once the Athens County Child Support Enforcement Agency ("CSEA") became aware of Mr. Harris' employment, they prepared a withholding order. The order instructed the school to withhold sixty-eight dollars from each of Mr. Harris' bi-monthly paychecks. This figure represents the original fifty-dollar per week amount with a one hundred fifty dollar credit for transportation costs.
In 1997, Mrs. Harris filed a motion for contempt, modification of the child support order, and other issues surrounding the children. The parties settled all but the child support modification and the calculation of Mr. Harris' child support arrearages. A magistrate issued a decision modifying Mr. Harris' support obligation and establishing his arrearages.
In 1998, the trial court considered objections to the decision of the magistrate on the issue of child support, but failed to consider the issue of arrearages. Mr. Harris appealed and we dismissed the appeal for lack of a final appealable order. On remand, the trial court adopted the magistrate's proposed decision on the issue of arrearages and found that Mr. Harris' arrearages were $12,453.92 and entered a lump sum judgment in that amount.
Mr. Harris appeals and assigns the following assignments of error:
 I. The trial court erred in determining an arrearage of child support in this matter.
 II. In its September 11, 1998 order, the trial court erred in adopting the recommendations and proposed decisions of the magistrate.
 II.
In his first assignment of error, Mr. Harris argues that the trial court erred in calculating his arrearage.
An appellate court uses the abuse of discretion standard when reviewing matters concerning child support. Booth v. Booth (1989), 44 Ohio St.3d 142,144; State ex rel. Scioto Cty. Child Support Enforcement Agency v.Gardner (1996), 113 Ohio App.3d 46, 52. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Id.;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I
(1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990),53 Ohio St.3d 161.
 A.
Mr. Harris argues that the trial court erred in calculating his arrearages by failing to credit him for the costs of transportation of the children for visitation pursuant to the 1992 order. The 1992 order credited Mr. Harris one hundred fifty dollars for his "share" of the transportation expenses. Mr. Harris argues that this order implicitly found that the cost of transportation of the children for visitation with Mr. Harris was three hundred dollars per month. The trial court found that this order set Mr. Harris' child support at one hundred and fifty dollars per month, with a credit of one hundred and fifty dollars per month. Thus, Mr. Harris' net child support obligation was zero dollars. Mr. Harris argues that he should receive an additional one hundred and fifty dollar credit per month because Mrs. Harris did not share in transporting the children. Thus, he argues that he should have received a one hundred and fifty dollar credit toward his child support arrearage per month.
We find that the trial court did not abuse its discretion in giving appellant only one one hundred and fifty dollar per month credit toward the three hundred dollar transportation costs. The trial court ordered both parties to share the transportation costs. Since Mr. Harris provided all of the transportation, he incurred all of the costs. However, there was no evidence that Mr. Harris actually expended three hundred dollars per month for visitation. In setting the child support obligation, the trial court took into account that Mr. Harris was unemployed and would soon be losing his unemployment benefits. If the trial court had given Mr. Harris the second one hundred and fifty dollar credit, Mr. Harris would have a net expense of zero for the transportation (a one hundred and fifty dollar credit toward current support and a one hundred and fifty dollar credit toward back support) while Mrs. Harris shouldered the entire burden of supporting the children other than the transportation costs. In sum, the trial court attempted to fashion a unique remedy in the best interests of both parties and the children given the low income of the parties. The trial court did not act unreasonably, arbitrarily, or unconscionably in rejecting Mr. Harris' argument.
 B.
Mr. Harris next complains that he did not receive credit for $29.07 that the CSEA withheld from one of his paychecks. Mr. Harris relies on the fact that the Magistrate did not specifically address the $29.07 figure in her decision to conclude that he has not received credit for this payment. However, the exhibits attached to the affidavit of CSEA's accountant, on which the magistrate and the trial court relied, indicate that on June 25, 1999, Mr. Harris' employer withheld 319.81 instead of the 290.74 it withheld both before and after the June 25, 1999 withholding. The CSEA credited the entire 319.81 to Mr. Harris' obligation. 319.81 is 29.07 greater than 290.74. Thus, Mr. Harris was credited with the 29.07 amount.
 C.
In sum, we find that the trial court did not abuse its discretion in calculating Mr. Harris' arrearages. Accordingly, we overrule his first assignment of error.
 III.
In his second assignment of error, Mr. Harris argues that the trial court erred by ordering: (1) that child support be modified retroactively; (2) that Mrs. Harris' childcare expenses of thirty-five dollars per week were reasonable; (3) that Mrs. Harris receive the tax deductions for the children; and (4) that Mr. Harris provide medical insurance for his children. We address each of these arguments separately.
 A.
Mr. Harris first complains that the trial court erred in modifying the child support as of October 21, 1997. We assume that Mr. Harris objects to the retroactivity of the child support order. Determining whether to make a modification retroactive is a matter within the sound discretion of the trial court and cannot be reversed unless the trial court abuses its discretion. Murphy v. Murphy, (1984), 13 Ohio App.3d 388, 389. Mr. Harris argues that since he did not get a retroactive modification when he asked for a reduction in his child support obligation in 1992, there should not be a retroactive obligation in an increase in his obligation. However, the record before us does not indicate that Mr. Harris sought a retroactive modification of his child support obligation in 1992. Further, Mr. Harris' child support obligation was not re-calculated once he started his job in 1993. Due to the credit for visitation expenses, Mr. Harris did not pay child support for many years, even though he was employed. We cannot find that the trial court acted unreasonably, arbitrarily or unconscionably in retroactively modifying the child support. Accordingly, we find that the trial court did not abuse its discretion by modifying the child support as of October 21, 1997.
 B.
Next, Mr. Harris argues that the trial court erred in failing to award the tax exemption for the children to him. His argument is based upon his assertion that the trial court erroneously determined that he had an arrearage. Because we have determined, supra, that the trial court did not err in finding that Mr. Harris has a child support arrearage, we find no error in the trial court's decision to award the tax exemption to Mrs. Harris. Moreover, when the non-residential parent is in arrears on his or her child support obligation, the trial court has no authority to permit the non-residential parent to claim the children as dependents for federal income tax purposes. R.C. 3113.21(C)(1)(e); Gordon v. Gordon
(Mar. 31, 2000), Jefferson App. No. 97-JE-31, citing Davis v. Davis
(1996), 112 Ohio App.3d 518, 520. Accordingly, the trial court did not abuse its discretion by failing to award the tax exemption for the children to Mr. Harris.
 C.
Mr. Harris next argues that the trial court abused its discretion by ordering him to provide medical insurance for his children. He asserts that because he cannot claim them as federal tax exemptions, he cannot insure the children through his health insurance policy at work. However, Mr. Harris has not shown that he is unable to procure health insurance for his children through another source. Thus, we find that the trial court did not act arbitrarily, unconscionably, or unreasonably in ordering Mr. Harris to obtain health insurance for his children. Accordingly, we find that the trial court did not abuse its discretion.
 D.
Mr. Harris finally argues that the trial court erred in failing to continue the one hundred fifty dollar credit for transportation costs. Instead the trial court granted a credit of $43.50 per trip for future trips. Mr. Harris complains that Mrs. Harris' action in moving the children one hundred and nineteen miles away from him has cost him a job, hours of visitation, and the ability to enjoy the children's extra-curricular activities. However, he fails to address why the trial court's decision is an abuse of discretion. Accordingly, we find that the trial court did not act arbitrarily, unconscionably, or unreasonably in determining the credit to be awarded Mr. Harris because he transports the children for visitation. Thus, we find that the trial court did not abuse its discretion.
 E.
Having rejected all of Mr. Harris' arguments in support of his second assignment of error, we overrule his second assignment of error.
 IV.
In sum, we overrule both of Mr. Harris' assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Division of the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concur in Judgment and Opinion. Abele, J.: Concur in Judgment Only.
 ______________________ Roger L. Kline, Presiding Judge