MURPHY, APPELLEE, *v.* MURPHY,
APPELLANT.

(No. 83AP-750—Decided
March 22, 1984.)

*Messrs. Carlile, Patchen, Murphy &
Allison* and *Mr. James H. Allison,* for ap-
pellee Sarah Margaret Murphy (Lippott).

*Mr. Joel R. Campbell,* for appellant
Roger Allen Murphy.

MOYER, J. This matter is before us
on defendant's appeal from a judgment of
the Court of Common Pleas of Franklin
County, Division of Domestic Relations,
ordering an increase in defendant's child
support obligation to plaintiff.

The trial court found a change in cir-
cumstances since the decree of divorce
and ordered defendant, Roger A. Mur-
phy, to pay approximately eighty-one per-
cent of the support of the parties' two sur-
viving children. The trial court's finding
of change in circumstances is based upon
the following facts: At the time of the
decree, defendant had earned income of
$11,600 per year, no house payment, no
farm income, and lived with his wife who
contributed to the expenses of their home.
At the time of the hearing on the motion,
defendant earned approximately $28,500
from a teaching position, paid mortgage
payments of $2,000 per month which was
advanced to him by his mother, earned
$2,000 from farming operations, was
owed $2,000 for hay sold from the farm-
ing operation, and had been given the
down payment for a house by his mother.
His monthly expenses were $1,805 and his
disposable income after taxes was
$54,498 per year, which includes the
$24,000 he receives from his mother to
make his mortgage payments.

At the time of the divorce, plaintiff,
Sarah M. Murphy (now Lippott), received
$600 per month from defendant and was
unemployed. At the time of the hearing on
the motion, she was earning approximate-
ly $6,370 per year, at the rate of $4.90 per
hour. She was remarried and her husband
and she shared the expenses of their
home. The trial court found that the ex-
penses attributable to the children were
$709 per month and that amount is not
disputed by defendant. The referee ex-
cluded certain items offered as children's
expenses but not properly proven.

Defendant asserts the following two
assignments of error in support of his ap-
peal:

"I. It is an abuse of discretion of the
trial court to order an increase in child
support payments retroactive to the date
of filing of the motion for modification of
support.

"II. It is an abuse of discretion of
the trial court to order an increase in child
support resulting in the non-custodial
parent paying eighty-one percent (81%) of
the costs of the children when the
custodial parent has a greater over-all
ability to financially care for the
children."

The trial court ordered that defen-
dant's increased obligation for child sup-
port was to be effective from the date
plaintiff filed her motion to increase child
support. In *Kuntz* v. *Kuntz* (July 5, 1979),

Franklin App. No. 78AP-831, unreported, we held that the trial court did not abuse its discretion when it made an order decreasing child support retroactive to the filing date of the motion for a change in support. Defendant argues that this case is distinguishable from *Kuntz* because here the trial court ordered an increase rather than a decrease in defendant's child support obligation. Defendant's argument is not well-taken because the same reasoning that produced our holding in *Kuntz* applies to a case in which the trial court orders an increase in child support. In both situations, the parties are entitled to have the order of the trial court relate back to the date upon which the motion for a modification of child support was filed. Any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations. The first assignment of error is overruled.

In applying the holding in *Cheek* v. *Cheek* (1982), 2 Ohio App. 3d 86, the trial court has considerable discretion in determining whether a child support order should be modified. We conclude that the trial court did not abuse its discretion in determining that defendant should pay approximately eighty-one percent of the reasonable expenses of the parties' children.

Defendant's disposable income had increased substantially since the divorce decree in 1972 while plaintiff's income had increased only modestly. The trial court's order effectively requires plaintiff to pay approximately eighteen percent of the necessary expenses of the children, whereas she previously had been required to pay nothing. Because the trial court did not abuse its discretion, the second assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and REILLY, J., concur.