## Naragon v. Naragon
*[Cite as 7 AOA 346]*

*Case No. 14583*
*Summit County, (9th)*
*Decided October 24, 1990*

*Ruth A. Gibson, 159 S. Main St., Suite 912, Akron, Ohio 44308, for Plaintiff.*

*Jason T. Adams, Asst. Prosecutor, 159 S. Main St., Suite 730, Akron, Ohio 44308 for Defendant.*

CIRIGLIANO, J.

On June 20, 1988, a judgment entry of divorce for appellant, Susan Naragon and appellee, Christopher Naragon was filed. Pursuant to a separation agreement, incorporated as part of the divorce decree, Christopher was to pay $42.79 per child, per week, including poundage, as child support for the two children born during his marriage to Susan.

Susan filed a motion in September, 1988, seeking child support payments for the children. A hearing was held before a referee and Susan was given a judgment for $1,540.44 for past due child support from the date of the initial journal entry to October 27, 1988. Further, in the report, the referee ordered that $25.00 per child, per week, plus poundage be paid from Christopher's unemployment benefits beginning October 15, 1988. The trial court incorporated the referee's report in its journal entry of March 21, 1989. However, the March journal entry does not indicate that the amount that was to be withheld from Christopher's unemployment benefits constituted a modification of his child support obligation.

Susan filed a second motion seeking overdue child support payments on October 20, 1989. The referee, following a hearing, found a child support arrearage of $2,847.34 from October 28, 1988 to October 27, 1989. The referee's report noted that Christopher had failed to file a motion to have his support order modified.

Objections to the referee's report were filed and an oral hearing was held in the trial court. During the course of these proceedings, Christopher filed a motion requesting a modification of his support payments on November 30, 1989. Christopher's support obligation was subsequently reduced to $15.00 per child, per week as set forth in a journal entry filed January 5, 1990.

Later, the trial court issued a judgment entry on April 5, 1990, which stated in part, that the court had modified Christopher's support obligation from October 27, 1988, to January 5, 1990. Susan appeals from this order raising three assignments of error.

### Assignments of Error

"I. The trial court erred in retrospectively modifying appellee's child support obligation to October 28, 1988 date of report of referee.

"II. The trial court erred in considering sua sponte motion to modify a child support order without giving appellant adequate notice, thus violating appellant's due process right."

Since appellant's first and second assignments of error interrelated, we will consider them together. Susan argues that the trial court erred when it entered a retroactive modification of Christopher's child support obligation in its journalized order of April 5, 1990. The April, 1990 order modified the June 30, 1988, child support award, as found in the divorce decree and agreement, from $42.79 per child, per week, plus poundage, to $25.00 per child, per week, plus poundage from October 27, 1988 through January 5, 1990.

Ohio courts have claimed jurisdiction to modify support orders, even without statutory authorization. *Neil v. Neil* (1883), 38 Ohio St. 558, 559. While the court retains jurisdiction over both the subject matter and the parties in child support cases, that jurisdiction must be involved by motion filed in the original action pursuant to Civ. R. 75(I), or by a motion from the court. *Cooper v. Cooper* (1983), 10 Ohio App. 3d 143, 145.

Civ. R. 75(I) provides:

"The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6. When the continuing jurisdiction of the court is invoked pursuant to this subdivision, the discovery procedures set forth in Rule 26 through Rule 37 shall apply."

It is settled law that a child support order may be modified pursuant to a motion from either party or by the court, under the civil rules or from case law authority. However, the extent of a retroactive modification is subject to further limitations. A court may, within its sound discretion, modify a child support award by ordering either an increase or decrease of a party's obligation. In both situations, the parties are entitled to have the order of the trial court relate back to the date upon which the motion for a modification of child support was filed. *Murphy v. Murphy* (1984), 13 Ohio App. 3d 388, 389; *Carson, nka Hazlett v. Carson* (July 12, 1989), Summit App. No. 14023, unreported. Any other holding could produce an inequitable result in view of the substantial time it fre-

quently takes to dispose of motions to modify child support obligations. *Id.,* citing *Murphy, supra.* However, in *McPherson v. McPherson* (1950), 153 Ohio St. 82, 91, the court held that accrued and unpaid child support payments are not modifiable retroactively.

In the instant case, Susan filed two motions seeking an order from the court finding Christopher held in contempt of court for failure to make his required child support payments. The first motion was filed in September, 1988. The trial court adopted the referee's findings and recommendations that established an amount of $1,540.44 as past due support. Further, the court adopted the referee's recommendation that $25.00 per week, per child should be assigned to Susan from Christopher's unemployment benefits. There is no indication from this referee's report or the trial court's journalized entry that would demonstrate an intent to modify Christopher's child support obligation. Likewise, when the referee filed a second report, following a hearing regarding Christopher's past due child support payment in November, 1989, there is nothing in the journal entry that states a modification of child support payments was either requested or recommended. Christopher's motion for a support modification was not filed until November 30, 1989. Following a hearing on this motion, the court then granted a reduction of Christopher's support obligation to $15.00 per child per week in a journal entry and judgment filed January 5, 1990.

In our examination of the trial court's order of April 5, 1990, we note that the trial court erroneously modified Christopher's support obligation to $25.00 per child, per week, plus poundage for the period from October 27, 1988 through January 5, 1990. Based on the discussion above, the earliest date the trial court could have modified Christopher's child support obligation was November 30, 1989, the date on which the request was filed. *Murphy, supra,* at 389. Therefore, appellant's first assignment of error is sustained.

Further, based upon our ruling and discussion in appellant's first assignment of error concerning the trial court's improper modification of Christopher's support obligation, we must still address Susan's second assignment of error. In light of our disposition in appellant's first assignment of error, we find that appellant's second assignment of error, the failure to provide adequate notice, is not well taken. The appellant received notice pursuant to Civ. R. 75(I) following the filing of the November 30, 1989, motion that requested a modification of child support. Further, Susan was represented by counsel at the hearing. Therefore, given our disposition of Susan's first assignment of error, we have considered her second assignment of error and find a.that it is not well taken and overrule it. See, *Criss v. Springfield Twp.* (1989), 43 Ohio St. 3d 83, 84.

### Assignment of Error III.

"The trial court failed to comply with the income and earnings verification requirements of the Ohio Child Support Guidelines (C.P. Sup. R. 75)."

In her third assignment of error Susan asserts that the trial court failed to verify the income and earnings with appropriate documentation as required by C. P. Sup. R. 75(C)(1)(e), (which has since been codified in R.C. 3113.215(B) (5) (a), effective April 12, 1990).

Counsel for appellant has failed to provide this court with either a transcript of proceedings of the January 19, 1990 bearing before the trial court, or a statement of the evidence or proceedings as permitted by App. R. 9(C). With no record of the proceedings before the referee, or the trial court, and there is nothing before this court but the referee's recommendation and the trial court's order, we must presume that the trial court's actions were correct. *Miller v. Miller* (1988), 37 Ohio St. 3d 71, 74; *Saltrick v. Saltrick* (June 20, 1990), Summit App. No. 14441, unreported. If the appellant fails to provide this court with a transcript or App. R. 9(C) statement, we will not speculate as to error. Therefore, this assignment of error is overruled.

Based on our ruling in Susan's first assignment of error we reverse the trial court and remand this case for further proceedings consistent with this opinion.

CACIOPPO, J., concurs.

BAIRD, P.J., dissents.