JOURNAL ENTRY AND OPINION
Plaintiff-appellant Christina M. Krzynowek, n.k.a. Christina M. Hardwick (d.o.b. January 29, 1969), appeals from the December 21, 1998 post-divorce decree order regarding her December 6, 1996 motion to modify child support. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that appellant and defendant-appellee Mark Krzynowek (d.o.b. December 21, 1968) were married on October 1, 1988, and divorced six years later on October 19, 1994. The parties had two children as issue of the marriage, namely, Erik (d.o.b. January 26, 1989) and Brittany (d.o.b. March 20, 1992)
At the time of the divorce, the parties calculated their annual gross income at $26,000 each. See Journal Vol. 2381, page 861. Pursuant to the divorce decree, defendant was to pay monthly child support in the amount of $449.44 ($440.63, plus 2% poundage), and plaintiff was named the residential parent for the children. Spousal support was waived by the parties, and plaintiff was ordered to provide health insurance coverage (medical and dental) for the children of the couple. Unreimbursed medical expenses were to be split equally between the parties.
At the time of the divorce, both parties were employed by Brecksville Shell in Brecksville, Ohio. This entity is owned by plaintiff's father, Jerome Gorczyka.
Defendant was hired as a Brecksville police officer on August 26, 1996. See defendant's December 2, 1998, brief in opposition to plaintiff's objections to the amended Magistrate's report, at 1.
On November 6, 1996, approximately two years after the divorce, plaintiff filed a combined motion to show cause (motion number 294671), motion to modify child support (motion number 294672), and motion for attorney fees (motion number 294673).
On December 5, 1996, a wage order for child support was placed on defendant's new employer, The City of Brecksville.
In 1997, it was learned that plaintiff, who had remarried, was pregnant.
The subject motions were heard by Magistrate Alison Nelson on September 12, 1997, and April 21, 1998.[1] In its June 9, 1998 findings of fact and conclusions of law, the Magistrate recommended that the motion to modify child support be granted, and the remaining motions be denied. This original report also determined the following: (1) that two time periods be utilized to calculate the modification of child support; (2) that the first time period be from November 6, 1996 [the filing date for the motion to modify child support] to October 20, 1997 [the date plaintiff gave birth to twins in her current marriage]; (3) that the second time period be from October 20, 1997 to the time of the Magistrate's report; (4) that during the first time period plaintiff earned $31,705 while defendant earned $28,362; (5) that during the first time period plaintiff claimed to have incurred a work-related expense for family health coverage in the amount of $405.29 per month, but that plaintiff presented no evidence in support of that proposed figure; (6) that during the second time period plaintiff earned $33,775 annually while defendant earned $37,316 annually; (7) that defendant had an arrearage in child support of $1,400.62 as of September 12, 1997 [the date of the motion hearing], and that he reduce this arrearage by paying an additional $24.60 per month [$24.12 per month, plus 2% poundage]; (8) that defendant's child support obligation should be modified to reflect, exclusive of the arrearage amount, a monthly payment of $648.70 [$317.99 per child, plus 2% poundage] for the period of November 6, 1996, to October 26, 1997; (9) that starting October 27, 1997, defendant pay monthly child support in the amount of $402.94 per child. Line 19 of the Child Support Computation Worksheet, as utilized by the Magistrate, identified a marginal, out-of-pocket annual cost for health insurance in the amount of $0 for the father-defendant and $4,863 for mother-plaintiff.
On July 20, 1998, the defendant filed objections to the Magistrate's original report, arguing that: (1) the Magistrate failed to comply with R.C. 3113.217 (B) in the computation of insurance costs which resulted in an overstatement of defendant's child support obligation by over $200 per month; (2) awarding the plaintiff the tax exemption for the children was error and contrary to R.C. 3113.215 (B)(3)(i); and, (3) using the defendant's correct child-support calculation, there is not a 10% difference as compared to the original support obligation, thus no increase in child support is warranted pursuant to R.C.3113.215 (B)(4). On September 14, 1998, plaintiff filed objections to the Magistrate's original report, instanter, arguing that the objections by defendant are without merit and, additionally, that the Magistrate erred by not considering the parochial education costs of the two children in whether to deviate from the child-support guideline amount.
On October 20, 1998, the trial court, with little reasoning or explanation in a one-page order, overruled plaintiff's objections to the Magistrate's report, and affirmed defendant's objections, adding:
 "The Magistrate shall order the Defendant to provide the health insurance for the children insofar as it is of no cost to him and recalculate child support based upon that change. ***.
 "The Court finds no grounds to overrule the Magistrate's Decision concerning the tax exemptions.
Upon remand by the trial judge, the Magistrate recalculated the child support and issued her amended report on October 30, 1998. This amended report modified the child support and again denied the motions to show cause and attorney fees. With regard to a change in circumstances, i.e., the birth of twins to plaintiff in her current marriage, the amended report stated the following:
 Pursuant to Ohio Revised Code 3113.215 and the Basic Child Support Schedules attached hereto and incorporated herein, a change of circumstances occurred on October 21, 1997, necessitating a modification of child support because the recalculated amount of support is more than ten percent (10%) greater than the amount of child support required to be paid under the existing order; that the parties' pro rata percentages have changed; and that from the Court's two prior orders, no marginal cost for providing health insurance coverage had been reported or incorporated into the prior guideline calculation by the parties.
In particular, the amended report also determined that: (1) health insurance was available at a more reasonable cost to defendant and reallocated the health insurance obligation from plaintiff to defendant, because the evidence indicated that the monthly cost to plaintiff for a family plan was $405.29, while the monthly cost to defendant for a similar plan was $0; (2) with regard to the proposed expense of $405.29 for plaintiff's workrelated monthly health-care coverage, the amended report found that there was no evidence presented in support of this proposed cost which caused the Magistrate to assign an amount of $0 for mother [and the father] at line 19 of the Child Support Computation Worksheet [line 19 identifies the parties' marginal, out-of-pocket costs, necessary to provide for health insurance for the children who are the subject of the support order being considered]; (3) there was an overpayment by defendant in child support in the amount of $565.41 from October 19, 1994 to September 12, 1997; (4) with regard to the modification of child support, the defendant pay monthly child support in the amount of $585.48 [$287.00 per month, per child, plus 2% poundage] commencing October 21, 1997 (the day after the twins were born in plaintiff's current marriage)
Plaintiff filed objections to the amended report on November 13, 1998, arguing that the Magistrate: (1) improperly modified the effective date of the modification of defendant's child support obligation [the Magistrate allegedly used the hearing date of September 12, 1997, instead of the period represented by the filing date of the motion for modification to the birth of the twins, i.e., November 6, 1996 to October 20, 1997]; (2) improperly applied the trial court's order changing the health insurance obligor in a retroactive manner; and, (3) miscalculated the child support arrearage by using incorrect calculations. On December 2, 1998, defendant filed his brief in opposition to plaintiff's objections. On December 21, 1998, the trial court adopted the October 30, 1998, amended Magistrate's report. See Journal Vol. 3310, pages 874-883.
Plaintiff filed her notice of appeal on January 20, 1999, from the order of December 21, 1998. Four assignments of error are presented for review by plaintiff-appellant.
Prior to addressing the particular assignments, we note that the abuse of discretion standard of review for a modification of child support was recently stated by this court in Burma v. Burma
(Oct. 7, 1999), Cuyahoga App. No. 74601, unreported, 1999 Ohio App. LEXIS 4788, at 4-5:
 In Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140, the Ohio Supreme Court determined that trial courts are granted broad discretion concerning awards of spousal support, and, as a result, when reviewing a decision regarding the modification of spousal support, then alimony, a reviewing court should disturb the trial court's decision only upon a showing of an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's actions were arbitrary, unreasonable or unconscionable. Id.
 The burden of establishing the necessity of an entitlement to a modification of spousal and/or child support rests on the party seeking the modification. Tremaine v. Trernaine (1996), 111 Ohio App.3d 703, 676 N.E.2d 1249. See, also, Murphy v. Murphy (1984), 13 Ohio App.3d 388, 389, 469 N.E.2d 564. An inquiry into a change in circumstances must date back to the time of the original order. Bacharowski v. Bacharowski,
1997 Ohio App. LEXIS 3212 (July 24, 1997), Cuyahoga App. No. 71164, unreported. Further, to warrant a modification, "the change must be one that is substantial and not contemplated at the time of the prior order." Tremaine, supra.
 Likewise, in order to obtain a modification of a child support obligation, the obligor must establish a change in gross income which would result in a new support amount, as recalculated pursuant to the statutory support guidelines, which is more than ten percent less than the amount as set forth in the existing order. R.C. 3113.215 (B)(4)
Bacharowski, supra.
We also note that modification of a child-support order may, generally, be retroactively applied to the date such modifications were first requested; in other words, normally to the date the motion for modification was filed. Also, this retroactivity determination is left to the sound discretion of the trial court. State ex rel. Draiss v. Draiss (1990), 70 Ohio App.3d 418,421; Tobens v. Brill (1993), 89 Ohio App.3d 298, 304;Oatey v. Oatey (Apr. 25, 1996), Cuyahoga App. Nos. 67809 and 67973, unreported, 1996 Ohio App. LEXIS 1685, at 17; O'Neill v.O'Neill (May 20, 1999), Cuyahoga App. No. 73407, unreported, 1999 Ohio App. LEXIS 2301, at 4; R.C. 3113.21 (M)(4)
The first assignment of error states:
 I THE TRIAL COURT ERRED IN APPLYING THE HEALTH INSURANCE REALLOCATION RETROACTIVELY.
In this assignment, plaintiff-appellant notes that the trial court's final order stated, in bold print, the following language near the beginning of the order:
 "THE COURT CONFIRMS THE CHANGE MADE BY THE MAGISTRATE INSOFAR AS THE MODIFICATION REALLOCATING THE RESPONSIBILITY FOR HEALTH INSURANCE CANNOT, BY ITS NATURE, BE MADE RETROACTIVE."
Appellant maintains that this admonition precluding retroactive application of the reallocation of health insurance was error in that it flies in the face of the remainder of the trial court's order adopting the amended report's modification of child support, which allegedly utilized the retroactive reallocation of health insurance in calculating the modification of child support. Appellant also argues that this retroactive reallocation improperly skewed the modification calculations by excessively benefiting defendant, and similarly punishing the plaintiff, by not recognizing in the modification calculations the $405 per month plaintiff-mother assumed in health insurance costs from November 6, 1996 (the date the motion to modify child support was filed) to December 21, 1998 (the journalization date of the final order which adopted the amended Magistrate's report, modified child support and reallocated the health insurance obligor). See Child Support Computation Worksheet, at line 19. Thus, the issues in this assignment are the following: (1) whether the trial court erred in not modifying the child support retroactive to the date the motion to modify child support was filed; (2) whether the trial court erred in not attributing to plaintiff, at line 19 of the Child Support Computation Worksheet, unsubstantiated out-of-pocket health insurance costs claimed by plaintiff-mother (costs which would have altered the calculations by the Magistrate in the amended report).
The answer to the first issue is in the negative. As previously expressed, the modification should be made retroactive to the date modification was first sought. However, the first period of time (November 6, 1996 [the filing date for the motion to modify child support] to October 20, 1997 [the date plaintiff gave birth to twins in her current marriage]) considered by the Magistrate in her amended report, could not be the basis for a modification of child support because the 10% threshold test contained in R.C.3113.215 (B)(4) was not met; in fact, there was no calculated arrearage for this first period of time, but there was a slight overpayment ($565.41) in child support. It was only after October 20, 1997 (the birth of the twins) that the 10% threshold test was met.
The answer to the second issue is also in the negative. As noted by the Magistrate, while plaintiff-mother proposed an out-of-pocket expense for health care through her employer (and father) there was no evidence to support this proposed cost. Thus the court did not err in providing a $0 amount at line 19 of the Worksheet for plaintiff-mother.
The first assignment of error is overruled.
The second assignment of error states:
 II THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S AMENDED DECISION THAT CHANGED THE EFFECTIVE DATE OF THE MODIFIED CHILD SUPPORT ORDER.
In this assignment, plaintiff-appellant argues that in recalculating the child support, the Magistrate, in her amended report, did not use the correct date from which the modification should start. Plaintiff-appellant clings to the belief that the trial court should have utilized the first period of time to calculate the modification of child support. As determined in the previous assignment, the first period of time could not be the basis for any modification because the 10% threshold test was not satisfied. The trial court correctly concluded that it was only during the second period of time that this threshold test was met. Accordingly, the trial court did not commit an abuse of discretion in using the second period of time as its basis for a modification of child support.
The second assignment of error is overruled.
The third assignment of error states:
 III THE TRIAL COURT ERRED IN SUSTAINING APPELLEE, MARK KRZYNOWEK'S OBJECTIONS TO THE JUNE 9, 1998, MAGISTRATE'S DECISION REGARDING THE HEALTH INSURANCE COVERAGE.
In this assignment, plaintiff-appellant argues that there was no evidence presented to the Magistrate to support the availability and cost of health care coverage by defendant at the time of the Magistrate's original report dated June 9, 1998.
We note that the order appealed from is the final order of December 21, 1998, which adopted the Magistrate's amended report of October 30, 1998. The June 9, 1998 Magistrate's ruling is not the order appealed from, or related to the order appealed from. The objections filed on November 13, 1998, by plaintiff with regard to the amended report do not contain any objection relative to the evidentiary support for the defendant's health care insurance. Absent a timely objection from the amended report to the trial court relative to this evidentiary support issue, error on appeal therein is waived. See Civ.R. 53 (B)(3)(b).
The third assignment of error is overruled.
The fourth assignment of error states:
 IV THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE CHILDREN'S CATHOLIC SCHOOL TUITION IN DETERMINING THE CHILD SUPPORT OBLIGATION.
In this assignment, plaintiff-appellant argues that the court erred in not utilizing the parochial school education costs sustained by plaintiff in the child support modification determination.
We note that no objection was raised by plaintiff-appellant to the use, or non-use, of plaintiff-appellant's parochial school costs for the parties' children in the child-support review. See plaintiff's November 13, 1998 objections to the Magistrate's amended report. Accordingly, absent such an objection, the issue is waived for appellate purposes. See Civ.R. 53 (E)(3)(b).
The fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court (Domestic Relations Division) to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
MICHAEL J. CORRIGAN, J., CONCURS WITH SEPARATE CONCURRINGOPINION; AND TERRENCE O'DONNELL, P.J., CONCURS AND CONCURS WITHJUDGE CORRIGAN'S SEPARATE CONCURRING OPINION.
JUDGMENT: AFFIRMED.
 ___________________________ JAMES D. SWEENY JUDGE
[1] A transcript from the hearings is not in the record on appeal.
 CONCURRING OPINION