DECISION
{¶ 1} Appellant, Yuri Pushkin, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that overruled his motion to modify child support and sets forth the following assignment of error:
The trial court erred and abused its discretion when it overruled the motion of appellant to modify his child support obligation.
 {¶ 2} The parties were married in 1989 and the marriage was terminated by a decree of dissolution in 1994. One child was born of the marriage. Appellee, Olga Pushkin, was designated as the residential parent and appellant was ordered to pay $100 per month for child support. In 1999, the parties filed an agreed judgment entry whereby appellant's child support obligation was increased to $1,005.38 per month, plus processing fees. In addition, appellant was to contribute $6,000 to a post-high school education fund established for the parties' son and then to contribute $75 per month to that fund. Likewise, appellee was to establish a separate post-high school education fund for their son and contribute $75 per month.
 {¶ 3} In January 2001, appellant entered into a negotiated plea agreement with the state, whereby he agreed to plead guilty to three counts of Medicaid fraud. The plea agreement also referenced nine other instances of Medicaid fraud. As part of the plea agreement, appellant agreed to make restitution and pay various costs related to the prosecution.
 {¶ 4} Appellant also entered into an agreement with the Ohio State Dental Board, whereby he agreed to the permanent revocation of his dental license, with the license revocation to be suspended for four years commencing July 1, 2002. As part of the agreement with the dental board, appellant admitted he billed the state for services not performed. The agreement also indicates appellant's office manager entered a plea of guilty to similar charges.
 {¶ 5} Appellant contends it is impossible for him to meet his child support obligation because he has been unable to find employment as the result of his three felony convictions, the suspension of his dental license and clinical depression, and, thus, the trial court abused its discretion by failing to modify the support order.
 {¶ 6} Modification of a child support order requires a two-step process. First, the trial court must determine whether there has been a change in circumstances and, if so, may issue an order with an appropriate modification after consideration of all relevant circumstances. Cole v. Cole (1990), 70 Ohio App.3d 188. In determining whether a child support order should be modified, the trial court has considerable discretion and, absent an abuse of that discretion, the trial court's determination will not be reversed. Murphy v. Murphy (1984), 13 Ohio App.3d 388. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 7} In Williams v. Williams (Sept. 24, 1992), Franklin App. No. 92AP-438, this court held that the change of circumstances must generally not be the result of a party's voluntary acts. In Williams, this court stated:
* * * A parent cannot, by intentional conduct or mere irresponsibility, seek relief from this duty of support. Defendant, who by his own wrongful conduct placed himself in a position that he is no longer available for gainful employment, is not entitled to relief from his obligation to support his child. * * *
 {¶ 8} Here, appellant voluntarily entered guilty pleas to three felonies, agreed to make restitution in a significant amount, and agreed to a four-year suspension of his dental license. Although appellant seeks to place all the blame for the false Medicaid billings on his office manager, appellant did not request a trial to present a defense to the charges and his plea of guilty is a complete admission of the truth of the charges, as well as of appellant's guilt. Crim.R. 11(B). It was appellant's voluntary acts in entering the plea to three felonies and agreeing to a license suspension that may have made it difficult for him to obtain employment. We further note that appellant presented minimal evidence of minimal efforts to find employment. The trial court did not abuse its discretion in finding he failed to demonstrate a change in circumstances warranting modification of his child support obligation based on the guilty pleas and license suspension. Likewise, the trial court did not abuse its discretion when it concluded appellant's depression did not demonstrate a change in circumstances so as to support modification of the child support order. Appellant failed to present any evidence as to the severity of his depression or its impact on his ability to seek or maintain employment. The only evidence as to appellant's health was as follows:
Q * * * Are you on medication for any sort of medical condition?
A For clinical depression mostly, and blood pressure. Nothing really serious.
(Emphasis added. Tr. at 7.)
 {¶ 9} The purpose of child support is to protect the child. To allow a reduction in support as a result of appellant's voluntary acts would protect and benefit only him and not his child. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
PETREE, P.J., and WATSON, J., concur