OPINION
{¶ 1} Defendant-appellant Dennis W. Strong ("husband") appeals the August 15, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which overruled his objections to the Magistrate's July 19, 2005 Order. Plaintiff-appellee is Kathryn Strong ("wife"). Intervener-appellee is the Stark County Child Support Enforcement Agency ("CSEA").
 STATEMENT OF THE CASE[1] {¶ 2} The parties were married in Alliance, Ohio, on December 4, 1977. Two children were born as issue of said union, to wit: Aimee (DOB 11/12/81) and Bradley (DOB 2/16/83). Husband had two children from a previous relationship: Jerod (DOB 10/13/70) and Chad (DOB 6/15/72), whom wife adopted. On September 30, 1983, husband and wife filed a Petition for Dissolution of Marriage in the Stark County Court of Common Pleas, Domestic Relations Division.
 {¶ 3} Prior to the filing of the petition on September 27, 1983, the parties entered into a Separation Agreement which provided for the division of the property owned by the parties, the support and custody of the minor children, visitation rights, and spousal support. Pursuant to the Separation Agreement, husband agreed to pay $125.00/month for the support of Aimee and Bradley. Husband's support obligation would continue at $125.00/month until Chad reached the age of eighteen. At that time, husband would pay support in the amount of $250.00/month for Aimee and Bradley. The trial court granted the Decree on December 1, 1983.
 {¶ 4} In September, 1986, the Bureau of Support filed an Affidavit for Citation and Contempt as a result of husband's failure to pay child support from September 1, 1985, on. The trial court conducted a contempt hearing on September 25, 1986, at which time the trial court found husband not guilty of contempt as he had suffered a heart attack on May 30, 1986, and lost his job. The trial court ordered husband to report his monthly income status to the Bureau of Support and report six places/month where he sought employment. The trial court scheduled the matter for a review on March 26, 1987. At the March 26, 1987 review hearing, the trial court dismissed the contempt charges against husband.
 {¶ 5} Wife subsequently filed a Motion for Contempt and Motion for Increase in Child Support on July 20, 1988. In response thereto, husband filed a Motion for Child Support and/or a Reduction in Child Support and for Definitive Visitation. The trial court dismissed husband's motion for want of prosecution via Judgment Entry filed January 30, 1989. The record is silent as to wife's motion.
 {¶ 6} Wife filed a second Motion for Increase in Child Support on October 9, 1990. Via Order filed November 27, 1990, the trial court issued a temporary order of child support, "effective today until case is resolved" in the amount of $100.00/month for Aimee and Bradley, and scheduled an evidentiary hearing for April 9, 1991. Following the April 9, 1991 hearing, the trial court continued the interim child support order. The trial court further ordered wife to apply for social security benefits and husband to seek work. The trial court also instructed the parties to schedule the matter with the court assignment office for review within four months.
 {¶ 7} The record reveals no further action taken in this matter until April, 2003, when CSEA filed a Notice to Terminate Current Child Support Due to Emancipation with respect to Bradley. Thereafter, on December 11, 2003, CSEA filed a Motion for Orders Authorizing Intervention, and a Motion to Determine Arrearages. The matter proceeded to an evidentiary hearing before the magistrate on July 21, 2004. Via Magistrate's Order filed December 15, 2004, the magistrate concluded, "Since a court of record speaks only through it's [sic] journal and the Court did not modify child support in the April 12, 1991 Judgment Entry, the child support provision set forth in the Dissolution Decree remaines [sic] in effect through emancipation." The magistrate scheduled the matter for hearing to determine arrearages on February 9, 2005.
 {¶ 8} Husband filed a Motion to Set Aside the Magistrate's Order, which the trial court overruled via Judgment Entry filed January 18, 2005. Husband filed a Notice of Appeal from the magistrate's December 15, 2004 order, and the trial court's January 18, 2005 Judgment Entry. The magistrate continued the February 9, 2005 hearing pending this Court's resolution of husband's appeal. Via Judgment Entry filed May 20, 2005, this Court dismissed the appeal as untimely.
 {¶ 9} The trial court conducted a pretrial hearing on July 19, 2005. Via Decision filed July 25, 2005, the magistrate determined the amount of the arrearages owed by husband to be $37,209.61. Husband filed timely objections to the magistrate's decision, which the trial court overruled via Judgment Entry filed August 17, 2005.
 {¶ 10} It is from that judgment entry husband appeals, raising the following assignment of error:
 {¶ 11} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY RETROACTIVELY MODIFYING THE CHILD SUPPORT ORDER."
 I {¶ 12} In his sole assignment of error, husband maintains the trial court abused its discretion in retroactively modifying the child support order. Essentially, husband contends the trial court's November 27, 1990 order issuing a temporary order of child support in the amount of $100.00/month for Aimee and Brad, as well as the trial court's April 12, 1991 order became final due to the passage of time. We disagree.
 {¶ 13} In Booth v. Booth (1989), 44 Ohio St.3d 142, the Ohio Supreme Court determined an abuse of discretion standard is properly applied by an appellate court in reviewing matters concerning child support. Abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, the trial court has discretion to determine whether to retroactively apply a modification of an existing child support order to the date upon which the motion for modification was filed. See, Murphy v. Murphy, (1984), 13 Ohio App.3d 388,389; Hamilton v. Hamilton (1995), 107 App.3d 132; Thottam v.Thottam (Oct. 17, 1994), Stark App. No. 1994 CA 00007, unreported.
 {¶ 14} On October 9, 1990, wife filed a Motion for Increase in Child Support. The trial court conducted an initial hearing on the motion on November 26, 1990. The trial court's November 27, 1990 Order reads: "Set for PT-Evid. Hrg. Many facets to the issue of C/S. Temp. orders of C/S effective today until case is resolved — $100/mo for 2 children."
 {¶ 15} The trial court conducted a hearing on April 9, 1991, and on April 12, 1991, issued the following order: "Interim C.S. order continued. [Wife] ordered to make formal application for S.S. disability. [Husband] ordered to seek employment 6 places per month and report monthly to CSEA. This matter to be reviewed within four months. Counsel to set date through assignment office."
 {¶ 16} Although the parties and the trial court took no further action on wife's motion to increase child support following the April 9, 1991 hearing, we find the mere passage of time does not transform the trial court's November 27, 1990 Order, which was expressly interim and temporary, nor does the continuation of that temporary, interim child support order on April 12, 1991, until further review within four months, into a final order. When determining the amount of arrearages, the trial court reinstated the original child support order, which had been incorporated into the Dissolution Decree from the parties' initial Separation Agreement. Accordingly, we find the trial court did not abuse its discretion in basing the arrearages on the child support figure originally agreed to by the parties; the effect of which resulted in a denial of wife's motion to increase child support.
 {¶ 17} Husband raises the issue of laches, claiming wife failed to assert her rights for an unreasonable and unexplained length of time. A review of the record reveals husband did not raise the issue before the trial court. Having failed to do so, husband has waived review of the issue on appeal.
 {¶ 18} Husband's sole assignment of error is overruled.
 {¶ 19} The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
Hoffman, J., Wise, P.J. concurs separately.
Gwin, J. dissents.
[1] A statement of the facts is not necessary to our disposition of this appeal.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed. Costs assessed to appellant.