OPINION
{¶ 1} Appellant, Tina Pickenpaugh (Falter), and appellee, Don Pickenpaugh, are the natural parents of two children, Donald Pickenpaugh, II born June 29, 1983 and Tawnya Pickenpaugh born December 22, 1989. In 1999, appellee was named residential parent and appellant was ordered to pay child support. In 2000, Donald began residing with appellant. Because each parent had one child, appellant's child support obligation was terminated.
 {¶ 2} On August 27, 2002, the Perry County Child Support Enforcement Agency filed a complaint against appellant with the Court of Common Pleas of Perry County for child support for Tawnya as Donald had become emancipated. On November 14, 2002, appellant filed a motion for change of custody with the Court of Common Pleas of Muskingum County. The Perry County child support case was subsequently transferred to Muskingum County.
 {¶ 3} On December 30, 2003, the trial court dismissed appellant's motion for change of custody due to discovery issues. By entry filed January 29, 2004, the trial *Page 3 
court transferred the issue of child support to the Muskingum County Child Support Enforcement Agency.
 {¶ 4} On March 24, 2004, the Muskingum County Child Support Enforcement Agency issued a decision recommending appellant pay child support in the amount of $246.36 per month plus fees, effective April 1, 2004. On April 22, 2004, appellee requested an administrative hearing for arrearages. A hearing before the trial court was held on January 3, 2005. By entry filed January 5, 2005, the trial court ordered appellant to pay arrearages from July 1, 2001 to April 1, 2004 in the amount of $8,800.00.
 {¶ 5} On January 12, 2006, the Muskingum County Department of Job and Family Services, Child Support Division, filed a motion for contempt against appellant for failing to pay on the arrearages.
 {¶ 6} On March 3, 2006, appellant filed a motion to vacate void judgments, the January 29, 2004 and January 5, 2005 decisions. By entry filed March 13, 2006, the trial court denied the motion.
 {¶ 7} A hearing on the contempt motion was held before a magistrate on March 15, 2006. By decision filed same date, the magistrate recommended finding appellant in contempt and ordering her to pay $100.00 per month toward the arrearages. Appellant filed objections on March 30, 2006. By judgment entry filed April 6, 2006, the trial court denied the objections, and approved and adopted the magistrate's decision.
 {¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I *Page 4 {¶ 9} "THE LOWER COURT ERRED BY ADOPTING ANY FINDINGS OR RECOMMENDATIONS MADE BY THE MUSKINGUM COUNTY CHILD ENFORCEMENT AGENCY AFTER DECEMBER 8, 2000."
 II {¶ 10} "THE LOWER COURT ERRED BY REFERRING THE CASE BACK TO THE MUSKINGUM COUNTY CHILD SUPPORT ENFORCEMENT AGENCY TO ENFORCE COURT ORDERED CHILD SUPPORT PURSUANT TO 3119.63 OHIO REV. CODE WHEN NO COURT ORDER EXISTED CONCERNING CHILD SUPPORT OTHER THAN A COURT ORDERED TERMINATION OF ALL CHILD SUPPORT."
 III {¶ 11} "THE LOWER COURT ERRED BY NOT VACATING IT'S (SIC) VOID ORDERS AS REQUESTED BY THE APPELLANT."
 IV {¶ 12} "THE LOWER COURT ERRED IN FINDING THE APPELLANT IN CONTEMPT FOR FAILING TO PAY COURT ORDERED CHILD SUPPORT."
 I, II, III {¶ 13} These assignments challenge the trial court's decisions filed January 24, 2004 and January 5, 2005. Appellant claims these judgment entries are void.
 {¶ 14} Before we can address the merits under these assignments, it must be noted the arguments hereunder pertain to the trial court's March 13, 2006 decision denying appellant's March 3, 2006 motion to vacate void judgments, otherwise known as a Civ.R. 60(B) motion for relief from judgment. Appellant had challenged the trial court's January 24, 2004 and January 5, 2005 decisions. *Page 5 
 {¶ 15} Appellant's notice of appeal filed on April 14, 2006 stated the judgment entry appealed from was the trial court's April 6, 2006 order finding appellant in contempt. See, Docketing Statement attached to Notice of Appeal filed April 14, 2006. As noted in the magistrate's March 15, 2006 decision and the trial court's April 6, 2006 judgment entry, the subject of review was a contempt action.
 {¶ 16} Included in appellant's March 30, 2006 objections to the magistrate's decision were specific challenges to the appropriateness of the trial court's January 24, 2004 and January 5, 2005 decisions. Appellant again challenged the decisions and argued they were void judgments. This was after the trial court's March 13, 2006 decision on the Civ.R. 60(B) motion predicated on the same issues. In fact, after having lost the Civ.R. 60(B) motion, appellant attempted to argue the issues again during the March 15, 2006 contempt hearing. T. at 5-8. Because no appeal was taken from the March 13, 2006 judgment entry denying appellant's motion for relief from judgment, we find we lack jurisdiction to hear the issues. The re-arguing of the same issues in her objections to the magistrate's decision on contempt was but an attempt to have the trial court reconsider its decision on the Civ.R. 60(B) motion. Such motions are not appropriate. Pitts v. Dept. ofTransportation (1981), 67 Ohio St.2d 378.
 {¶ 17} Assignments of Error I, II and III are denied.
 II {¶ 18} Appellant claims the contempt finding was in error. We agree in part.
 {¶ 19} Appellant admitted from July 1, 2001 to April 1, 2004, she had not paid any money on the arrearages set forth in the January 5, 2005 judgment entry. T. at 4-5. Appellee's request for a hearing on arrearages was filed on April 22, 2004. *Page 6 
 {¶ 20} In Murphy v. Murphy (1984), 13 Ohio App.3d 388, our brethren from the Tenth District reviewed a child support increase case and held the following at 389:
 {¶ 21} "In both situations, the parties are entitled to have the order of the trial court relate back to the date upon which the motion for a modification of child support was filed. Any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations."
 {¶ 22} In 2000, appellant's child support obligation was terminated. Child support was not an issue until the Perry County Child Support Enforcement Agency filed a complaint against appellant for child support for Tawnya on August 27, 2002. We conclude the arrearage amount from July 1, 2001 to April 1, 2004 is incorrect. The trial court is directed to re-evaluate the arrearage amount from the August 27, 2002 motion for child support. As to the specific directives of the contempt purge order, the amount of arrearage is to be calculated from April 22, 2004, the date appellee requested a hearing on arrearages.
 {¶ 23} Assignment of Error IV is granted in part.
 {¶ 24} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed in part and reversed in part.
 Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1