OPINION
{¶ 1} Appellant, Tina Pickenpaugh (Falter), and appellee, Don Pickenpaugh, are the parents of two children, Donald Pickenpaugh, II born June 29, 1983 and Tawnya Pickenpaugh born December 22, 1989. In 1999, appellee was named residential parent and appellant was ordered to pay child support. In 2000, Donald began residing with appellant. Because each parent had one child, appellant's child support obligation was terminated.
 {¶ 2} On August 27, 2002, the Perry County Child Support Enforcement Agency filed a complaint against appellant with the Court of Common Pleas of Perry County for child support for Tawnya as Donald had become emancipated. On November 14, 2002, appellant filed a motion for change of custody with the Court of Common Pleas of Muskingum County. The Perry County child support case was subsequently transferred to Muskingum County.
 {¶ 3} On December 30, 2003, the trial court dismissed appellant's motion for change of custody due to discovery issues. By entry filed January 29, 2004, the trial court transferred the issue of child support to the Muskingum County Child Support Enforcement Agency.
 {¶ 4} On March 24, 2004, the Muskingum County Child Support Enforcement Agency issued a decision recommending appellant pay child support in the amount of $246.36 per month plus fees, effective April 1, 2004. On April 22, 2004, appellee requested an administrative hearing for arrearages. A hearing before the trial court was held on January 3, 2005. By entry filed January 5, 2005, the trial court ordered *Page 3 
appellant to pay arrearages from July 1, 2001 to April 1, 2004 in the amount of $8,800.00.
 {¶ 5} On January 12, 2006, the Muskingum County Department of Job and Family Services, Child Support Division, filed a motion for contempt against appellant for failing to pay on the arrearages.
 {¶ 6} On March 3, 2006, appellant filed a motion to vacate void judgments, the January 29, 2004 and January 5, 2005 decisions. By entry filed March 13, 2006, the trial court denied the motion.
 {¶ 7} A hearing on the contempt motion was held before a magistrate on March 15, 2006. By decision filed same date, the magistrate recommended finding appellant in contempt and ordering her to pay $100.00 per month toward the arrearages. Appellant filed objections on March 30, 2006. By judgment entry filed April 6, 2006, the trial court denied the objections, and approved and adopted the magistrate's decision.
 {¶ 8} Appellant filed an appeal, and this court remanded the case to the trial court to re-evaluate the arrearage amount from the August 27, 2002 complaint for child support. See, Pickenpaugh vs. Pickenpaugh, Muskingum App. No. CT2006-0026, 2007-Ohio-1438.
 {¶ 9} A hearing pursuant to the remand was held on June 20, 2007. By decision filed July 16, 2007, the magistrate voided all arrearages between July 1, 2001 and April 1, 2004, but found the arrearages from April 22, 2004 to be valid. Appellant filed objections. By judgment entry filed August 30, 2007, the trial court denied the objections and approved and adopted the magistrate's decision. *Page 4 
 {¶ 10} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 11} "THE LOWER COURT ERRED BY FAILING TO CONDUCT A HEARING TO RE-CALCULATE AND DETERMINE CHILD SUPPORT AS SET FORTH IN THE TRIAL COURT'S APRIL 29, 2004 ORDER."
 I {¶ 12} Appellant claims the trial court erred in failing to re-calculate and determine child support pursuant to its April 29, 2004 hearing order. We disagree.
 {¶ 13} Appellant argues the administrative child support order of March 24, 2004 (filed April 22, 2004) is unenforceable because the trial court never addressed the issue of child support following the January 3, 2005 review hearing. A review of the procedural aspects of this case is warranted.
 {¶ 14} On March 24, 2004 (filed April 22, 2004), the Muskingum County Child Support Enforcement Agency issued a decision recommending appellant pay child support in the amount of $246.36 per month plus fees, effective April 1, 2004. On April 22, 2004, appellee requested a hearing for arrearages from July 1, 2001 to April 1, 2004. Appellant did not request a hearing or file objections to the child support order of $246.36 per month. By magistrate's order filed April 29, 2004, a hearing was set for June 23, 2004, stating the following:
 {¶ 15} "A party has requested a court hearing on the revised amount of child support calculated by the agency.
 {¶ 16} "The court will address the following issues at the hearing: *Page 5 
 {¶ 17} "1. The amount of the monthly child support obligation;
 {¶ 18} "2. The amount of child support arrearages, if any;
 {¶ 19} "3. The amount to be paid monthly on child support arrearages;
 {¶ 20} "4. What health insurance coverage must be provided for the child(ren) in the future;
 {¶ 21} "5. Who will be responsible for the child(ren)'s future health care expenses not paid by insurance;
 {¶ 22} "6. Who will be allocated the right to claim the child(ren) as a dependent for income tax purposes;
 {¶ 23} "7. What type of order or notice should be issued to the obligor's income source for withholding or deduction of child support."
 {¶ 24} Following two continuances, the matter was heard on January 3, 2005. A transcript of said hearing is not in the record. By entry filed January 5, 2005, the trial court noted appellee and his attorney were present for the hearing and appellant was not. The trial court then stated, "The Court awards Don D. Peckinpaugh support arrears for July 1, 2001 to April 1, 2004 in the sum of $8,800.00 for which judgment is awarded." The entry is silent as to appellant's child support obligation.
 {¶ 25} On January 12, 2006, the Muskingum County Department of Job and Family Services, Child Support Division, filed a motion for contempt against appellant for failing to pay on the arrearages. A hearing was held before a magistrate on March 15, 2006. By decision filed same date, the magistrate recommended finding appellant in contempt and ordering her to pay $100.00 per month toward the arrearages. *Page 6 
Appellant filed objections on March 30, 2006. By judgment entry filed April 6, 2006, the trial court denied the objections, and approved and adopted the magistrate's decision.
 {¶ 26} Appellant filed an appeal, and this court remanded the case to the trial court with the following order:
 {¶ 27} "In 2000, appellant's child support obligation was terminated. Child support was not an issue until the Perry County Child Support Enforcement Agency filed a complaint against appellant for child support for Tawnya on August 27, 2002. We conclude the arrearage amount from July 1, 2001 to April 1, 2004 is incorrect. The trial court is directed to re-evaluate the arrearage amount from the August 27, 2002 motion for child support. As to the specific directives of the contempt purge order, the amount of arrearage is to be calculated from April 22, 2004, the date appellee requested a hearing on arrearages." Pickenpaugh vs.Pickenpaugh, Muskingum App. No. CT2006-0026, 2007-Ohio-1438, ¶ 22.
 {¶ 28} A hearing on the remand was held before a magistrate on June 20, 2007. During the hearing, appellant for the first time in the record objected to the existence of a child support order. T. at 2-9. By decision filed July 16, 2007, the magistrate voided all arrearages between July 1, 2001 and April 1, 2004, but found the administrative child support order of March 24, 2004 (filed April 22, 2004) was enforceable and therefore the "arrearages accrued from that date forward are preserved":
 {¶ 29} "The court finds that there was no effective child support order between July 1, 2001 through April 1, 2004 and therefore no arrearage amount between these dates. The court further finds that the child support enforcement agency shall adjust its records and subtract the amount of $8,800.00 from Tina Pickenpaugh's arrearage *Page 7 
obligation. The court further finds that contempt finding of March 15, 2006 is null and void since the amount of the arrearage payment was in error.
 {¶ 30} "The court further finds that the child support order issued on April 22, 2004 is completely enforceable and any and all arrearages from that date forward are preserved." See, Magistrate's Decision filed July 16, 2007, approved and adopted by the trial court via Judgment Entry filed August 30, 2007.
 {¶ 31} Appellant filed objections. By judgment entry filed August 30, 2007, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 32} Based upon the state of the record, we find appellant did not properly preserve the issue of her child support obligation for review. Appellant did not file a formal objection to the administrative child support order or request a hearing on the issue, did not appear at the January 3, 2005 review hearing and orally object to the administrative child support order, and did not specifically appeal the trial court's January 5, 2005 entry wherein the trial court did not address appellant's child support obligation. See, Pickenpaugh supra, ¶ 15-16.
 {¶ 33} Upon review, we conclude the trial court's decision that a valid child support order exists is correct, and appellant is obligated to pay arrearages from April 22, 2004, the date appellee requested a hearing on arrearages.
 {¶ 34} The sole assignment of error is denied. *Page 8 
 {¶ 35} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
 Farmer, P.J., Wise, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. *Page 1