JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, McTrena Davis ("Davis"), appeals the trial court's decision ordering retroactive child support to a date other than the date on which she filed her complaint to modify child support. Finding no merit to the appeal, we affirm.
 {¶ 2} On September 12, 2003, Davis filed a complaint to modify child support against defendant-appellee, Wayne Dawson ("Dawson") for the benefit of the parties' son. Dawson was ordered to pay monthly child support of $786.04 beginning in 1995. Davis sought modification of the support based on a change of circumstances, specifically, Dawson's increased income and earning capacity.
 {¶ 3} In early 2004, the parties negotiated an increase in the current child support to $1,200 per month. Although the court did not memorialize this agreement as a court order, Dawson began paying Davis $500 to supplement the current support order. These additional support payments continued for approximately nine months, totaling $4,500, and ceased on January 5, 2005.
 {¶ 4} In September 2005, the parties again negotiated an increase in the child support to $1,700 per month. However, they could not agree on the retroactive date of the new support order. Following oral argument on this issue, the trial court found that special circumstances existed which warranted ordering retroactive child support from January 5, 2005, instead of the date in 2003 when Davis filed her complaint.
 {¶ 5} Davis appeals, raising two assignments of error, which will be addressed together.
 {¶ 6} In her first and second assignments of error, Davis argues that the trial court abused its discretion in determining the date of retroactive child support. She claims that no "special circumstance" existed which would preclude immediate modification of a support order.
 {¶ 7} A trial court's decision regarding a child support obligation will not be reversed on appeal absent an abuse of discretion. Pauly v. Pauly, 80 Ohio St.3d 386, 390,1997-Ohio-105, 686 N.E.2d 1108. An abuse of discretion is more than an error of law; it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. So long as the decision of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, we will not disturb it. Masitto v. Masitto (1986),22 Ohio St.3d 63, 66, 488 N.E.2d 857.
 {¶ 8} Absent some special circumstances which justify a different date, a party seeking modification of a support order is entitled to have the modification relate back to the date the motion to modify was filed. Murphy v. Murphy (1984),13 Ohio App.3d 388, 389, 469 N.E.2d 564; State ex rel Drais v. Drais
(1990), 70 Ohio App.3d 418, 420-21, 591 N.E.2d 354. If the trial court decides in its discretion that the order should not be retroactive to the date of the motion, it must state its reasons.Oatey v. Oatey (Apr. 25, 1996), Cuyahoga App. Nos. 67809 and 67973.
 {¶ 9} In the instant case, the trial court found that ordering the agreed modified child support retroactive to the date of the complaint was inequitable in light of the special circumstances of the case. The court reasoned:
"Under these facts it would be inequitable to apply thecurrent support order retroactively to September 2003,particularly since the obligee took control of her own case,negotiated an agreement and received $4,500 in additional directchild support payments from the obligor. However, it would alsobe inequitable to order no retroactive support as the obligorceased making additional direct payments arising out of theparties' agreement in January 2005."
 Therefore, based on the foregoing unique particular facts andspecial circumstances of this case * * * the current childsupport order of $1,700.00 per month + 2% administrative feeshall be effective and retroactive to January 5, 2005."
 {¶ 10} Davis argues that the court focused its reasoning on the delay that occurred between the filing of the complaint and the order. She claims this was not a "special circumstance" to warrant the retroactive date. However, we find that the court justified its reasoning beyond mere delay. It found that Dawson substantially complied with the parties' 2004 agreement to modify child support to $1,200. Dawson, without a court order, paid Davis $500 in additional support for nine months to supplement the support order and to comply with their agreement. The court also considered the many continuances sought by both parties in determining the appropriate retroactive date. Had the court ordered the support to be paid retroactively to the date the complaint was filed, Dawson would have paid $4,500 more than his obligation.
 {¶ 11} We agree with the trial court that under the unique facts and special circumstances of this case, the retroactive date of January 5, 2005 was equitable. That was neither an arbitrary nor unreasonable date because it was the date on which Dawson stopped paying the additional $500 in support. Therefore, we find that the trial court sufficiently stated its reasons for its decision, and the evidence supports the court's decision. The trial court did not abuse its discretion in determining the effective date for the modified child support order.
 {¶ 12} Accordingly, the two assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J. and Blackmon, J. concur.