[Cite as *V.C. v. O.C.*, 2022-Ohio-1506.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

V.C.,                                            :

                                                           No. 111118

      Plaintiff-Appellee,          :

      v.                                    :

O.C.,

                                                 :

      Defendant-Appellant.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-11-338367

---

### *Appearances:*

Ronald A. Skingle, *for appellee*.

O.C., *pro se*.

EILEEN A. GALLAGHER, P.J.:

{¶ 1} In this accelerated appeal, father-appellant, O.C. ("Father"), pro se, appeals from the trial court's judgment entry redetermining Father's child support obligation for his minor children on remand. Father contends that the trial court

erred and abused its discretion by failing to accept Father's "factual findings" and using "incorrect data" when redetermining Father's child support obligation.

{¶ 2} Father raises the following two assignments of error for review:

Assignment of Error No. 1: The trial court erred and abused its discretion, when on 12/10/2021, it excluded the factual findings of the appellant, regarding the needs and the standard of living of the children and their parents, in the determination of the appellant's child support obligation, and made an order that was not based on the manifest weight of evidence and that was not consistent with the requirements of R.C. 3119.04 and the XIV Amendment of the US Constitution.

Assignment of Error No. 2: The trial court erred and abused its discretion, when on 12/10/2021, it stated that the court of appeal[s] did not reverse the trial court's factual findings regarding the computation of child support obligation and used incorrect data in re-calculating the defendant's child support obligation and failed to refund the Appellant his excess child support payment to normalize the standard of the Appellant and the children, in accordance with R.C. 3119.04.

{¶ 3} For the reasons that follow, we affirm.

**Procedural and Factual Background**

{¶ 4} Mother and Father were married on August 21, 1999. They have four children — daughter C.C. (d.o.b. 1/29/00), son C.F.C. (d.o.b. 3/27/03), daughter C.T.C. (d.o.b. 8/24/06) and son U.C.C. (d.o.b. 5/28/10). A final divorce decree was entered on April 25, 2018 that included a shared parenting plan. Following the divorce, the parties filed a number of post-decree motions seeking to terminate the shared parenting plan and modify the parties' child support obligations.

{¶ 5} After several days of hearings, on September 25, 2020, the trial court issued its final judgment entry, terminating the parties' shared parenting plan, designating Mother as the residential parent and legal custodian of the parties' three

then-minor children and ordering Father to pay monthly child support of $2,444.83 (including cash medical support and the processing fee). Father appealed to this court, challenging, among other things, the trial court's factual findings, its designation of Mother as the residential parent and legal custodian of the minor children and its order requiring Father to pay child support to Mother. Specifically, with respect to the determination of his child support obligation, Father argued that (1) the trial court's child support determination was "based on incorrect data collected only from Mother," including inaccurate information regarding the parties' income, out-of-pocket health insurance premiums and childcare expenses, and (2) the trial court failed to apply a deviation under R.C. 3119.23 based on the time the children spent with Father. Father argued that if "correct data" had been used in calculating his child support obligation, his monthly child support obligation would have been $1,127.21 per month (including cash medical support and the processing fee). *V.C. v. O.C.*, 8th Dist. Cuyahoga No. 109988, 2021-Ohio-1491, ¶ 41, 43, 74 ("*V.C. I*").

{¶ 6} On appeal, this court affirmed the trial court's decision to the extent that it terminated the parties' shared parenting plan and designated Mother as residential parent and legal custodian of the parties' minor children. *Id.* at ¶ 2, 72-73. With respect to Father's child support obligation, this court held that because Father did not file a transcript with his appeal, it could not review or find error with any of the trial court's factual findings related to its determination of Father's child support obligation; however, it could review the trial court's decision for legal errors.

*Id.* at ¶ 63-66, 75. This court found that the trial court had failed to apply the appropriate standard in determining Father's child support obligation, i.e., the trial court had applied R.C. 3119.02 and 3119.30(A) and (C) instead of R.C. 3119.04, and had, therefore, abused its discretion in ordering Father to pay $2,444.83 in monthly child support (including cash medical support and the two percent processing fee). *Id.* at ¶ 75-82. This court reversed the trial court's child support order and remanded the case for the trial court to redetermine the amount of Father's child support obligation, considering the needs and the standard of living of the children and the parents in accordance with R.C. 3119.04. *Id.* at ¶ 82, 96.

**The Standard for Determining Father's Child Support Obligation**

{¶ 7} In this case, there is no dispute that the parents' combined annual income exceeds $336,467.04 — the maximum annual income currently listed on the basic child support schedule established pursuant to R.C. 3119.021. In such cases, R.C. 3119.04 requires that the court determine the amount of an obligor's child support obligation on a case-by-case basis as follows:

> If the combined annual income of both parents is greater than the maximum annual income listed on the basic child support schedule established pursuant to section 3119.021 of the Revised Code, the court * * * shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined annual income equal to the maximum annual income listed on the basic child support schedule established pursuant to section 3119.021 of the Revised Code, unless the court or agency determines that it would be

unjust or inappropriate and therefore not in the best interest of the child, obligor, or obligee to order that amount. If the court * * * makes such a determination, it shall enter in the journal the figure, determination, and findings. * * *

{¶ 8} Unless the trial court issues an order imposing a child support obligation that is less than the obligation that would have been computed under the basic child support schedule and worksheet for a combined annual income of $366,467.04,[1] the statute leaves the determination of the amount of child support to be awarded "'entirely to the court's discretion.'" *E.O.W. v. L.M.W.*, 2021-Ohio-2040, 174 N.E.3d 414, ¶ 10 (8th Dist.), quoting *Cyr v. Cyr*, 8th Dist. Cuyahoga No. 84255, 2005-Ohio-504, ¶ 54; R.C. 3119.04. The statute "'neither contains nor references any factors to guide the court's determination in setting the amount of child support.'" *E.O.W.* at ¶ 11, 23, quoting *Siebert v. Tavarez*, 8th Dist. Cuyahoga No. 88310, 2007-Ohio-2643, ¶ 30. And the trial court is not required to explain or provide specific reasons in support of its determination of the amount of child support. *See, e.g., E.O.W.* at ¶ 11; *Pruitt v. Pruitt*, 8th Dist. Cuyahoga No. 84335, 2005-Ohio-4424, ¶ 44. Where the parents' combined annual income exceeds

---

[1] In other words, where the parents' combined annual income exceeds $366,467.04, the child support obligation computed under the basic child support schedule and worksheet for a combined annual income of $366,467.04 is generally "the floor" — but not "the ceiling" — for an obligor's child support obligation. *V.C. I*, 2021-Ohio-1491, at ¶ 79. Where the parents' combined annual income exceeds $366,467.04, a trial court may issue an order imposing a child support obligation that is less than the obligation that would have been computed under the basic child support schedule and worksheet for a combined annual income of $366,467.04 only if (1) the trial court determines that it would be unjust or inappropriate and, therefore, not in the best interest of the child or either parent to order that amount and (2) includes such findings in its journal entry. R.C. 3119.04.

$336,467.04, the only statutory requirement is that the trial court consider "the needs and the standard of living of the children * * * and of the parents" in determining the amount of the obligor's child support obligation. R.C. 3119.04; *E.O.W.* at ¶ 11, 21 (In "high-income" cases, "the proper standard for calculating child support is the amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued."), citing *Berthelot v. Berthelot*, 154 Ohio App.3d 101, 2003-Ohio-4519, 796 N.E.2d 541, ¶ 24 (9th Dist.); *In re J.M.G.*, 8th Dist. Cuyahoga No. 98990, 2013-Ohio-2693, ¶ 28.

{¶ 9} In *Phelps v. Saffian*, 8th Dist. Cuyahoga No. 103549, 2016-Ohio-5514, this court explained what consideration of the needs and the standard of living of the children and of the parents entails:

> With the exception of extraordinary individual medical or developmental issues, * * * the "needs" of a child are necessaries like food, clothing, shelter, medical care, and education. Needs are not income based — they apply in similar fashion for all children, regardless of the income level of the parents. That a parent has a large income has no effect on a child's basic needs: a child needs to eat, but a child does not need to eat caviar.
>
> Consideration of the "standard of living" the child would have enjoyed is based on the premise that parents may freely decide to dissolve their relationship, but children have no choice in the matter. If the child enjoyed a high standard of living during the marriage, the child is entitled to enjoy that standard after the marriage has been dissolved. *Boone v. Holmes*, 10th Dist. Franklin No. 14AP-449, 2015-Ohio-2242, ¶ 16. The court must be careful, however, to consider only how the child would have lived had the parents remained together, not how the child could have lived. When considering the standard of living of the parents, the court must ensure that the obligor parent is not so overburdened by support obligations that it affects that parent's ability to survive. *Id.* at ¶ 36. The court must also consider intangible

contributions by the noncustodial parent to the effect those contributions may adversely affect that parent's standard of living. *Id.*

*Phelps* at ¶ 18-19.

{¶ 10} We review a trial court's determination of child support obligations for abuse of discretion. *See, e.g., J.E.M. v. D.N.M.*, 8th Dist. Cuyahoga No. 109532, 2021-Ohio-67, ¶ 22, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989); *N.W. v. M.W.*, 8th Dist. Cuyahoga No. 107503, 2019-Ohio- 1775, ¶ 16. A trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is unreasonable when "no sound reasoning process" supports that decision. *AAAA Ents. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An abuse of discretion also occurs when a court "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Mayer v. Mayer*, 8th Dist. Cuyahoga No. 109103, 2020-Ohio-4993, ¶ 8, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.); *see also Vail v. String*, 8th Dist. Cuyahoga No. 107122, 2019-Ohio-984, ¶ 43. A trial court's factual findings in a child support matter are reviewed under a manifest weight-of-the-evidence standard. *See, e.g., V.C. I*, 2021-Ohio-1491, at ¶ 79; *Kenney v. Carroll*, 9th Dist. Medina No. 19CA0080-M, 2021-Ohio-1911, ¶ 20 ("'[A]lthough the standard of review for the lower court's child support determination is abuse of discretion, challenges to factual determinations upon which the child support order is based

must be reviewed using the "some competent credible evidence" standard. * * * This means that a determination of fact will be upheld on appeal if there is some competent, credible evidence to support the finding.'"), quoting *Bender v. Bender*, 9th Dist. Summit No. 20157, 2001 Ohio App. LEXIS 3212, 5-6 (July 18, 2001).

{¶ 11} On remand, the parties each filed briefs with supporting affidavits with the trial court related to the trial court's determination of Father's child support obligation. In her brief, Mother argued that Father should be ordered to pay $2,444.83 in monthly child support based on the parents' income and the fact that both parents are physicians with an "above average standard of living," the parents own and reside in "comparable residences," Mother incurs "significant additional out of pocket expenses" for C.T.C. to receive "extensive psychological and behavioral treatment" due to the child's special needs and the court's prior findings that Mother paid $15,000 for "out-of-pocket medical insurance" for the children and $18,000 in annual childcare expenses for U.C.C.

{¶ 12} In his brief, Father argued that his monthly child support obligation should be somewhere in the range "from $0 to $1,070" based on parents' combined annual gross income (which he claimed was $473,768.10) and the following additional alleged facts: (1) that both parents have medical expenses, out-of-pocket health care premiums and childcare expenses; (2) that the standard of living of Father and the minor children was "adversely affected by the child support obligation, so that it was not what it would have been, if the parents were living together with a combined AGI of $473,768.1[0]"; (3) that, based on an estimate

Father had prepared "using the Ohio State government website for basic child support computation pursuant to R.C. 3119.021," Father's monthly child support payment "should be less than $1,070.70"; (4) Father's parenting time exceeds 145 days per year; (5) Father's annual gross income is $48,398.74 less than Mother's annual gross income; (6) Father's childcare expenses are higher than Mother's childcare expenses; (7) C.T.C.'s needs were being addressed and paid for by both parents; (8) Father has "extraordinary travel expenses when exchanging children for parenting time, because of his job with the Department of Veterans Affairs"; (9) the basic child support computation sheet used to determine child support in October 2019 and September 2020 was in error and (10) Mother's affidavit and the basic child support computation sheet proposed by Mother were based on "incorrect or incomplete data and therefore misleading." Father asserted that "the relevant facts for the computation of child support needs [sic] to be reviewed again, for correctness" and that the trial court, therefore, should not use its prior factual findings in determining Father's child support obligation but should, instead, use the "relevant data" Father had presented "for an accurate child support computation." As sources for this "relevant data," Father cited primarily to docket entries predating the trial court's September 25, 2020 judgment entry — the subject of his prior appeal in *V.C. I*. Father also argued that Mother should be ordered to "refund" Father's "excess child support payments since August 1, 2019" and that the child support enforcement agency should be required to "acknowledge" a direct payment he had made to Mother in October 2019.

{¶ 13} On September 13, 2021, trial court held a hearing to address the determination of Father's child support obligation and other pending issues. At the hearing, the parties were permitted to present brief arguments related to their filings on the child support issue; however, it was not an evidentiary hearing.[2]

{¶ 14} On December 10, 2021, the trial court issued its decision, ordering Father to pay $2,348.82.83 per month in child support ($782.94 per month per child in child support plus $48.07 per month in cash medical support) plus the processing fee, effective September 25, 2020. Using the factual findings it had previously made in its September 25, 2020 judgment entry regarding the parties' income, Mother's out-of-pocket health insurance premiums and Mother's childcare expenses, the trial court first calculated what the child support obligation would be under the basic child support schedule and applicable worksheet for three minor children for a combined annual income of $366,467.04.

{¶ 15} The trial court then determined Father's child support obligation considering the needs and standard of living of the children and the parents. In making this determination, the trial court used the factual findings it had previously made in its September 25, 2020 journal entry and also made "further * * * findings of fact in regard to the needs and standard of living for the children and the parents."

---

[2] In her appellate brief, Mother asserts that, on remand, the parties stipulated that, in lieu of an evidentiary hearing, the parties would submit briefs setting forth their positions with respect to the determination of Father's child support obligation and that the matter would be decided on the briefs. This stipulation is not clearly stated in the record; however, Father has not challenged that assertion in his appellate brief.

The trial court identified the factual findings it considered in determining Father's child support obligation as follows:

> In the September 25, 2020 Judgment Entry, this Court made the following factual findings:
>
> 1. Plaintiff's income — $248,214.00
>
> 2. Defendant's income — $220,644.00
>
> 3. Defendant's other income — $7,200.00
>
> 4. Plaintiff's out of pocket health insurance premiums — $15,476.16.
>
> 5. Plaintiff's childcare expenses — $18,000.00
>
> The Court further makes the following findings of fact in regard to the needs and the standard of living for the children and the parents:
>
> 1. Both Plaintiff and Defendant are physicians.
>
> 2. Plaintiff works at the Cleveland Clinic with an annual income of approximately $246,214.00 [sic].
>
> 3. Defendant works at the Veteran's Administration with an annual income of approximately $220,664.00 [sic].
>
> 4. As physicians, both parties have an above average standard of living.
>
> 5. Both parties live in the City of Solon and the children attend Solon City Schools.
>
> 6. Plaintiff and Defendant also own and reside in comparable residences: Plaintiff's residence is valued at $348,000.00 while Defendant's residence is valued at $421,500.00
>
> 7. The parties' children's standard of living is also enhanced by having two parents that are physicians earning a combined income of $464,858.00 [sic].

8. The parties' income provides the children with additional opportunities in obtaining and fulfilling their material needs which includes food, clothing, transportation, travel, electronics and the ability to participate in extra-curricular activities.

9. The parties' minor child C.T.C. also has special needs which are being addressed by Plaintiff.

10. C.T.C. has been diagnosed with depression, anxiety and behavioral disorder which has resulted in Plaintiff incurring significant additional out of pocket expenses which include extensive psychological and behavioral treatment.

11. Plaintiff pays $15,000 per year for out-of-pocket medical insurance for the children as well as $18,000.00 per year for childcare expenses for the parties' minor child, U.C.C.[3]

{¶ 16} The trial court stated that "consider[ing] its prior findings of fact and its findings of fact in regard to the needs and standard of living for the children and parents," "an award of $2,348.82 per month, plus cash medical support in the amount of $48.07 per month" "would be appropriate under the circumstances."

{¶ 17} Based on the record before us, we cannot say that the trial court abused its discretion in redetermining Father's child support obligation. Father has

---

[3] As noted above, the trial court appears to have made a few minor, typographical or mathematical errors in referencing the parties' annual income in its December 10, 2021 judgment entry. For example, although the trial court states it found, in its September 25, 2020 judgment entry, that Mother's annual income was $248,214.00 and that Father's annual income was $220,644.00 (and "other income" was $7,200.00), the trial court states as part of its "further * * * findings" in its December 10, 2021 judgment entry that Mother "works at the Cleveland Clinic with an annual income of approximately $246,214.00" and Father works at the Veteran's Administration with an annual income of approximately $220,664.00" (Emphasis added.) Also, the total of these income figures does not match the "combined annual income" of $464,858.00 as stated in the trial court's "further * * * findings." Because neither party has raised the issue and because we find that the typographical/mathematical errors are minor and not material under the facts and circumstances here, we do not further consider them.

not shown that the trial court's decision was unreasonable, arbitrary or unconscionable.

{¶ 18} As the trial court correctly observed, this court did not reverse any of the factual findings the trial court had previously made in calculating Father's child support obligation in *V.C. I*. Because Father did not provide a transcript with his appeal in *V.C. I*, this court could not review or find error with any of the trial court's factual findings related to its determination of Father's child support obligation and, therefore, affirmed those factual findings in *V.C. I*. *V.C. I*, 2021-Ohio-1491, at ¶ 63-66, 75. As such, the trial court did not err or abuse its discretion in using the factual findings it had previously made when redetermining Father's child support obligation on remand instead of the "facts" submitted by Father in support of his brief to determine child support.

{¶ 19} The record reflects that, on remand, the trial court complied with R.C. 3119.04 and determined the amount of Father's child support obligation after considering the needs and standard of living of the children and the parents. Contrary to Father's assertion, the trial court was not required to accept Father's recitation of the "facts" relating to the needs and standard of living of the children and the parents as true. The trial court's "further * * * findings of fact in regard to the needs and standard of living for the children and the parents" were supported by competent, credible evidence in the record and were not against the manifest weight of the evidence.

{¶ 20} Accordingly, we overrule Father's assignments of error.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR