[Cite as *In re J.C.*, 2025-Ohio-4855.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE J.C.

A Minor Child

[Appeal by K.H., Father]

:
:
:
:
:
:

No. 115103

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** October 23, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU13117410

---

***Appearances:***

K.H., *pro se.*

WILLIAM A. KLATT, J.:

{¶ 1} Appellant-father K.H. appeals from an order of the juvenile court establishing child support for his son, J.C. For the following reasons, we affirm and remand.

**Factual and Procedural History**

{¶ 2} J.C., born in August 2009, is the biological son of K.H. and mother N.C. Paternity was established in October 2009. In 2013, the parties were referred to mediation to determine custody and the allocation of parental rights. In January

2014, the parties entered into a shared-parenting agreement designating N.C. as the legal custodial and residential parent for school purposes.

{¶ 3} On April 19, 2024, the Office of Child Support Services ("OCSS") filed a motion to intervene and establish support pursuant to R.C. 2151.231.

{¶ 4} On January 6, 2025, the court held a pretrial hearing via Zoom. Following this hearing, at which K.H. was present, the court issued a journal entry ordering the parties to bring copies of financial documents pursuant to R.C. 3119.05(A). The court further instructed the parties that if they intended to call witnesses or introduce evidence at trial, they must follow Cuyahoga C.P., Juv.Div., Loc.R. 36. Specifically, the court stated that a witness list and/or evidence list shall be filed and served upon all parties no later than 14 days prior to the trial date and that the failure to do so and to properly serve the lists on all necessary parties may result in the parties' witnesses and evidence being excluded from trial.

{¶ 5} On March 17, 2025, the court held a hearing on the motion to establish support. At the outset of this hearing, K.H. stated that he wished to move "for discovery on bank accounts and full disclosure of [N.C.'s] financials and assets before I proceed with agreeing to an established order for a dollar amount." (Tr. 6.) The court informed K.H. that this request would have been appropriate to raise at the January pretrial hearing and because the case was set for trial, K.H.'s request was untimely and denied.

{¶ 6} Neither K.H. nor N.C. was represented by counsel. Both K.H. and N.C. testified at the March 17 trial. K.H. testified that he lived in Colorado and was

staying with family in Ohio temporarily; K.H. testified that he "had to end [his] lease in Colorado, and [he] had to voluntarily stop working there to be present today." (Tr. 25.) With respect to his employment situation at the time of the hearing, K.H. testified:

> Unfortunately, because of my situation where I was out of state and then I had to come back, I don't know what the timeframe is as far as how this — how far this case is going to continue — to continue on. And I don't — I'm in limbo between employers.
>
> I'm waiting on the hiring process right now for an employer. So I'm just waiting to get this over with so I can start working. Without having to know whether I — whether or not I need to be present in this state or if this is going to be done any other — through a video conference.

(Tr. 31.) K.H. further testified that since February 2022, he estimated that he had sent approximately $22,000 to N.C. for financial support of J.C. K.H. also testified — and N.C. corroborated — that since the filing of the motion in April 2024, he sent N.C. approximately $2,100 for support of J.C.

{¶ 7} Following this hearing, the magistrate issued a decision stating, in relevant part:

> The Court heard the sworn testimony from the mother and the father and received evidence.
>
> The Court finds the child, J.C., born August 28, 2009, currently resides with the mother.
>
> The Court finds that on January 3, 2014, the parties were each named residential parent and legal custodian of the child, and they were each designated as the residential parent for school purposes pursuant to a shared parenting plan approved and adopted by this court. . . . The Court finds that the parties were living together at the time.

The Court finds that the parent-child relationship was established by the OCSS between the above-named child and K.H. as the father on October 16, 2019.

The Court finds that the parties were married in 2015 and separated in early 2022. The Court finds that they are still married although the father, through counsel, filed divorce proceedings that he subsequently dismissed.

The Court finds that this support order will be established for the child, J.C.

The Court finds that the mother does not have any additional children from another relationship for whom she has a duty to support. The Court finds that father does not have any additional children from another relationship for whom he has a duty to support.

The Court finds that the mother has been employed since 2022 currently working as a dairy manager working 40 hours per week earning $15.50 per hour. The Court finds that she does not have mandatory withholdings to pay union dues or uniform fees. The Court finds that her gross annual income is in the amount of $32,240.00. The Court finds that she has worked a second job for under one (1) year working as a cashier earning $15.50 per hour and working 20 hours per week. The Court finds that she does not have mandatory withholdings to pay union dues or uniform fees. The Court finds that her gross annual income from the second job is in the amount of $16,120.00. The Court finds that her combined gross annual income is in the amount of $48,360.00. The Court finds that she does not receive overtime, bonuses or commissions. The Court finds that she does not have any other source of income.

The Court [finds] that private health insurance is not available to the mother.

The Court finds that the mother receives public assistance benefits for the child in the form of Medicaid through Care Source.

The Court finds that the mother does not have any childcare expenses for the child.

The Court finds that the father has been unemployed since November 2024. The Court finds that from August 2024 through November 2024, he worked as a courier earning $21.25 per hour and working 40

hours per week.  The Court finds that he voluntarily left that job "to be here in court."  The Court finds that he previously worked from February 2021 until April 2024 as a vendor earning $19.00 per hour and working over 40 hours per week.  The Court finds that he was [released] from that job.  The Court finds that he was medically discharged from the military and receives disability benefits through the Veterans Administration in the amount of $2,630.96 per month that includes a spouse and one child.  The Court finds that he does not have any other source of income.  The Court finds that he is waiting for "this to be over" to look for work which may take him out of state.

The Court finds that the father's gross earnings in 2024 are in the amount of $30,320.00 from his two (2) jobs.  This does not include his VA benefit.

The Court finds that private health insurance is available to the father through the VA.  He is covered under a plan.

The Court finds that the father does not receive public assistance benefits for the child.

The Court finds that the mother testified that the father has provided no support for the child and the father testified differently.  He testified that he sent money through bank transfers and money orders since February 2022 in the total amount of $22,000.00.  He further testified that in April 2024 he sent money to the mother for the child in the amount of $1,300.00 and in October or November of 2024, he sent her between $800.00 to $900.00.  The Court finds that the mother acknowledged he sent her money but could not remember the amounts of money he sent.

The Court finds the father's testimony to be credible and that from April 2024, until the present date he paid the mother the amount of $2,100.00 for the support of this child.

The Court finds that the father has court-ordered parenting-time by agreement and that if they were unable to agree, a schedule was provided. The Court finds that since February 2022, the father has seen the child between 10 to 20 times and has had no overnight visits without the presence of the mother.

The Court finds that the child is involved in sports and has braces.  No further evidence was presented regarding these expenses.  The father

renewed his oral motion for discovery for full disclosure of the mother's financial information.

The Court finds that the oral motion is not well taken and will be denied.

Absent any other evidence presented at this hearing, the Court finds that the father is voluntarily unemployed or voluntarily underemployed and that if fully employed would be earning at least the annual amount of $30,320.52, based upon his prior employment experience, and evidence that the father has the ability to earn the imputed income.

The Court finds that the effective date of this order will be retroactive to the filing of these Motions on April 19, 2024. The Court finds that the father should be given credit for the support he provided to the mother from April 19, 2024, in the amount of $2,100.00.

The Court finds that it is in the best interest of the child who is the subject of a shared parenting order to designate the father as the child support obligor for the following reasons: The child resides primarily with the mother who provides for his daily care and support.

The Court finds that no evidence was presented to this Court at this hearing to rebut the presumption that the residential parent and legal custodian or legal guardian of the child may claim the child as a dependent for federal income tax purposes. R.C. 3119.82

A Guideline Worksheet was prepared by this magistrate, calculating the amount [of] child support pursuant to R.C. 3119.01-3119.24, and attached to this Decision (Exhibit A), reflecting the child support obligation for the father, [K.H.], as $475.04 per month + 2% processing fee and the cash medical support obligation as $19.38 per month + 2% processing fee.

Medical Support findings:

The Court [finds] that the father and mother submitted the Private Health Insurance Questionnaires providing a list of any private health insurance policies, contracts or plans available to them pursuant to R.C. 3119.31.

The presumption that the mother, as the child support obligee, is the appropriate parent to provide health insurance coverage for this child

is not rebutted. The child is currently covered under the mother's public assistance grant through Care Source.

{¶ 8} On March 28, 2025, K.H. filed a motion styled as an "appeal of support establishment" in which he (1) argued that the support order was not based on the entirety of the evidence; (2) requested to have equal custody of J.C.; (3) requested the opportunity to present additional evidence; and (4) requested additional discovery in the form of "full disclosure of all [N.C.'s] accounts and assets." The same day, K.H. filed objections to the magistrate's decision, largely mirroring the arguments described above.

{¶ 9} On April 7, 2025, the juvenile court reviewed and adopted the magistrate's decision.

{¶ 10} On May 2, 2025, K.H. filed a notice of appeal.

{¶ 11} K.H. raises the following 15 assignments of error, verbatim, for our review:

> I. The lower Court erred in the assignment and amount of child support without establishing and outlining the shared parenting agreement of custody time with the child between the Plaintiff and the Defendant, pursuant to the corresponding [statutes] detailed in this brief.[1]
>
> II. The lower Court erred in the of the custodial parental rights as the Defendant has not complied with the shared parenting plan and the Plaintiff's right of custodial custody, pursuant to the corresponding [statutes]
>
> III. The lower Court erred in documenting that the Defendant has [withheld] and given misleading information, multiple times, about the child's home address, involvement in sports, about the child's schooling, the child's medical issues and has continuously made false

---

[1] Throughout his brief, K.H. incorrectly refers to himself as "Plaintiff" and to N.C. as "Defendant." For clarity, we will refer to K.H. and N.C. by their initials.

allegations about the Plaintiff in front of and around the child, about the Plaintiff's desired involvement in their life and financial details in regards to support, pursuant to the corresponding [statutes] detailed in this brief.

IV. The lower Court erred in documenting the multiple instances of theft that the Plaintiff has been a victim of, pursuant to the corresponding [statutes] in this brief. The lower Court erred in accurately documenting the total amount of support [he] has continued to provide from the date of February 2022, [pursuant] to the corresponding [statutes] detailed in this brief.

V. The lower Court erred in ruling that, no party will be ordered to provide health insurance for the child, [pursuant] to the corresponding [statutes] detailed in this brief.

VI. The lower Court erred in documenting the multiple instances of theft of federal funds, to include identity theft, that the Plaintiff has been a victim of, pursuant to the corresponding [statutes] detailed in this brief. The lower Court erred in documenting the Plaintiff has open investigations into these crimes, [pursuant] to the corresponding [statutes] detailed in this brief.

VII. The lower Court erred in mistakenly and inaccurately documenting the amount of financial support the Plaintiff provided from the date of April 2024, when the motion was filed making false allegations, [pursuant] to the corresponding [statutes] detailed in this brief.

VIII. The lower Court erred in ordering that a retroactive date of payment from the Plaintiff was set on a date from the month the motion was filed by the Defendant on April 2024, [pursuant] to the corresponding [statutes] detailed in this brief.

IX. The lower Court erred in finding to include, mistakenly and inaccurately entering into order, that a parent-child relationship was [established] on October 16, 2019 between the father and the named child, [pursuant] to the corresponding [statutes] detailed in this brief.

X. The lower Court erred in mistakenly and inaccurately documenting and ruling, that the Plaintiff is voluntarily unemployed and voluntarily underemployed, [pursuant] to the corresponding [statutes] detailed in this brief.

XI. The lower Court erred in ruling on to include, mistakenly and inaccurately entering into order, that there was no evidence presented to [rebut] the presumption that the residential parent and the legal custodian or legal guardian of the child may claim the child as a dependent for federal income tax purposes, [pursuant] to the corresponding [statutes] detailed in this brief.

XII. The lower Court erred ruling on to include, mistakenly and inaccurately entering into order, that the Plaintiff shall reimburse the Defendant for any out-of-pocket medical, optical, hospital, dental or prescription expenses paid for the child, [pursuant] to the corresponding [statutes] detailed in this brief.

XIII. The lower Court erred ruling on to include, mistakenly and inaccurately entering into order, that the Plaintiff to pay for all court costs and fees from the motion filed by the Defendant making false allegations against the Plaintiff, [pursuant] to the corresponding [statutes] detailed in this brief.

XIV. The lower Court erred in finding to include, mistakenly and inaccurately entering into order, the Plaintiff to disclose all forms of wages and earnings to the Court and has not designated that the Defendant disclose any further [financial] information or disclosure to the lower Court, [pursuant] to the corresponding [statutes] detailed in this brief.

XV. The lower Court erred in mistakenly and inaccurately documented that the Plaintiff sent a total amount of $22,000 since February 2022 through bank transfers and money orders, [pursuant] to the corresponding [statutes] detailed in this brief.

**Law and Analysis**

{¶ 12} Before turning to the substance of K.H.'s assignments of error, we begin with several preliminary items. As an initial matter, we note that K.H.'s brief contains numerous references to matters outside of the record. App.R. 9(A)(1) provides that "the original papers and exhibits thereto filed in the trial court, the transcript of the proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the

record on appeal in all cases." Further, "[t]his court cannot consider matters dehors the record." *Lisboa v. Lisboa*, 2011-Ohio-351, ¶ 10, citing *State v. Ishmail*, 54 Ohio St.2d 402 (1978). Therefore, to the extent that any of K.H.'s arguments are premised on matters outside the record, we will disregard them.

{¶ 13} Additionally, App.R. 12(A)(2) provides that this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Ohio courts have consistently held that we may disregard an assignment of error pursuant to App.R. 12(A)(2) if the appellant "'fails to cite any legal authority in support of an argument as required by App.R. 16(A)(7).'" *Chrzanowski v. Chrzanowski*, 2025-Ohio-2690, ¶ 15 (8th Dist.), quoting *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.). *See also Hausser & Taylor, LLP v. Accelerated Sys. Integration, Inc.*, 2005-Ohio-1017, ¶ 10 (8th Dist.) ("It is not the duty of this court to sort through the record to root out arguments and evidence in support of an appellant's assignment of error.").

{¶ 14} Likewise, App.R. 16(A)(7) requires an appellant to include in his appellate brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 15} K.H.'s brief does not comply with the requirements of App.R. 16. K.H. raises 15 assignments of error but fails to address each separately as required under App.R. 16(A)(7). Further, the law and argument section of K.H.'s brief contains no legal arguments; it consists only of a list of Ohio and federal statutes, with no explanation as to how these laws apply to this case, let alone any relevant argument.

{¶ 16} Finally, we note that in his conclusion, K.H. asks this court to, among other things, have N.C. "comply with full financial discovery." App.R. 12(A)(1)(a) provides that appellate courts shall determine cases as follows:

> (1) On an undismissed appeal from a trial court, a court of appeals shall do all of the following:
>
> (a) Review and affirm, modify, or reverse the judgment or final order appealed. . . .

Discovery issues are appropriately resolved before the trial court. Thus, to the extent that K.H.'s arguments seek a remedy that is outside the scope of this court's review, we disregard those arguments.

## I. The Shared-Parenting Plan

{¶ 17} We review a juvenile court's determination of child-support obligations for abuse of discretion. *In re R.M.H.*, 2025-Ohio-2452, ¶ 41 (8th Dist.), citing *V.C. v. O.C.*, 2022-Ohio-1506, ¶ 10 (8th Dist.). "A trial court 'abuses its discretion when it exercises its judgment in an unwarranted way with respect to a matter over which it has discretionary authority.'" *Id.*, quoting *Hunter v. Troutman*, 2025-Ohio-366, ¶ 64 (8th Dist.), citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. "'The term abuse of discretion implies that the court's attitude is unreasonable,

arbitrary, or unconscionable.'" *Id.*, quoting *Hunter* at ¶ 64, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶ 18} In K.H.'s first assignment of error, he argues that the trial court erred in the amount of child support ordered without "establishing and outlining the shared-parenting agreement of custody time." K.H. appears to misunderstand the proceedings before the trial court. In K.H.'s second assignment of error, he argues that the trial court erred because N.C. has not complied with the shared-parenting plan. The proceedings were limited to ruling on OCSS's motion to establish support. The shared-parenting plan was in place prior to trial, and while the court heard limited testimony as to the parties' custody arrangement, the shared-parenting plan was not at issue at trial. Further, K.H. has provided no legal support for his argument that the trial court should have reconsidered the shared-parenting plan. Therefore, K.H.'s first and second assignments of error are overruled.

## II. Alleged Thefts

{¶ 19} In K.H.'s fourth and sixth assignments of error, he argues that the trial court erred in documenting multiple instances of theft that K.H. claims to have suffered. The fourth assignment of error also asserts that the trial court erred by inaccurately documenting the total amount of support that K.H. has provided since February 2022. Finally, in his fifteenth assignment of error, K.H. appears to argue that the trial court erred by not crediting him for approximately $22,000 in support that he had sent N.C. since 2022.

{¶ 20} With respect to the alleged thefts, K.H. does not explain how these alleged thefts relate to the trial court's support order. To the extent that K.H.'s fourth and fifteenth assignments of error challenge the amount that the trial court credited him, based on support that it determined he provided prior to trial, K.H. has not shown that the trial court's finding amounted to an abuse of discretion. For these reasons, K.H.'s fourth, sixth, and fifteenth assignments of error are overruled.

**III. Health Insurance**

{¶ 21} In K.H.'s fifth assignment of error, he argues that the trial court erred in ruling that no party would be ordered to provide health insurance for the child. Specifically, K.H. argues that he will be able to provide the child with health insurance "once the hiring process for the employer is finalized." He also appears to challenge the court's order that he reimburse N.C. for the child's out-of-pocket medical expenses.

{¶ 22} The record reflects that N.C. received public assistance that allowed her to cover the child through Care Source and Medicaid. No evidence was presented to rebut the presumption that N.C. was the appropriate parent to provide health insurance coverage for the child. K.H.'s employment prospects do not constitute evidence sufficient to overcome this presumption. K.H. is unable to show that this part of the trial court's order constitutes an abuse of discretion. Therefore, K.H.'s fifth assignment of error is overruled.

**IV. Support Provided Prior to Trial**

{¶ 23} In K.H.'s seventh assignment of error, he argues that the trial court inaccurately determined the amount of financial support he provided to the child prior to the date on which OCSS filed the motion to establish support. In his eighth assignment of error, he argues that the trial court erred in ordering that the support order be retroactive to the date that OCSS filed the motion to establish support.

{¶ 24} Our review of the record reflects that the trial court's finding with respect to support that K.H. provided prior to April 2024 was based on the evidence presented at trial — namely, the testimony from N.C. and K.H. himself. Therefore, the court did not abuse its discretion in determining the amount of support that should be credited to K.H. Further, despite K.H.'s repeated assertions that N.C. filed the motion to establish support and made numerous false allegations against him, we note that OCSS, and not N.C., filed the motion.

{¶ 25} "'Absent some special circumstances which justify a different date, a party seeking modification of a support order is entitled to have the modification relate back to the date the motion to modify was filed.'" *In re J.C.*, 2021-Ohio-2451, ¶ 9 (8th Dist.), quoting *Davis v. Dawson*, 2006-Ohio-4260, ¶ 8 (8th Dist.), citing *Murphy v. Murphy*, 13 Ohio App.3d 388, 389 (10th Dist. 1984). K.H. identifies no such special circumstances. For these reasons, K.H.'s seventh and eighth assignments of error are overruled.

## V. Parent-Child Relationship

{¶ 26} In K.H.'s ninth assignment of error, he argues that the trial court erred in finding that a parent-child relationship was established on October 16, 2019.

{¶ 27} The record contains an administrative order from the Child Support Enforcement Agency establishing paternity on October 16, 2009.  It is apparent from our review of the record that the finding in the trial court's support order stating that paternity was established on October 16, 2019, constitutes a clerical error.

{¶ 28} Civ.R. 60(A) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time."  Under Civ.R. 60(A), a clerical mistake "refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *Wardeh v. Altabchi*, 2004-Ohio-4423 (10th Dist.).  Because the clerical error does not affect K.H.'s child-support obligations in this case, it is purely a clerical mistake subject to correction via nunc pro tunc.  Pursuant to Civ.R. 60(A), we remand the case for the issuance of a nunc pro tunc entry correcting the typographical error in the year that paternity was established.  K.H.'s ninth assignment of error is sustained.

## VI. The Trial Court's Findings

{¶ 29} Several of K.H.'s assignments of error appear to challenge the findings on which the trial court based its support order, as well as various aspects

of the order. In K.H.'s third assignment of error, he argues that the trial court erred related to N.C. repeatedly giving misleading information about relevant financial information. In K.H.'s tenth, eleventh, and twelfth assignments of error, he challenges the trial court's finding that he was voluntarily unemployed; that N.C. could claim J.C. as a dependent for tax purposes; and that K.H. would reimburse N.C. for out-of-pocket medical expenses.

{¶ 30} Our review of the record shows that the evidence supported these findings. Moreover, K.H. makes no legal arguments as to how these findings constituted an abuse of discretion or were otherwise improper. Therefore, K.H.'s third, tenth, eleventh, and twelfth assignments of error are overruled.

## VII. Court Costs and Future Disclosure of Income

{¶ 31} In K.H.'s thirteenth assignment of error, he argues that the trial court erred in ordering him to pay court costs related to the trial. In K.H.'s fourteenth assignment of error, he argues that the trial court erred in ordering him to disclose his income without making a similar order as to N.C. K.H. provides no legal argument in support of these assignments of error and is otherwise unable to demonstrate error. Accordingly, we overrule K.H.'s thirteenth and fourteenth assignment of error.

{¶ 32} Judgment affirmed and case remanded for the issuance of a nunc pro tunc entry in accordance with this opinion.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

SEAN C. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)